■ FRANK H. MATZELL et al., Appellants, v ALFRED DISTAOLA et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered October 6, 1983 in Madison County, upon a decision of the court at Trial Term (Tait, Jr., J.) without a jury.

Plaintiffs reside at property they own located on the south side of State Route 5 in the Village of Chittenango, Madison County. Across Route 5 to the north of plaintiffs' property is a large parcel of land, known as Westerly Hills, which was developed in stages with that portion at the easterly edge of the parcel, known as part 1, having been developed first and that portion between Hills Street and the north line of the tract in the northwesterly corner of the parcel, known as part 4, having been developed later. Pursuant to an easement granted by one of plaintiffs' predecessors in interest in 1939, an electric line owned by defendant Niagara Mohawk Power Corporation runs from plaintiffs' property across Route 5 in a northerly direction and continues north through Westerly Hills near its eastern boundary. At a point near the northeast corner of Westerly Hills, the electric line turns and runs in a westerly direction.

Prior to 1971, the electric line ran west and crossed Hills Street to a point just south of Hills Street, where the line turned and ran in a northwesterly direction to a point near the northwest corner of Westerly Hills, from where the line continued and passed out of Westerly Hills. In 1971, the line's westerly path was changed such that the line no longer crossed Hills Street, but rather ran in a more direct path along the north line of the Westerly Hills tract from the northeast corner to the northwest corner. This relocation was accomplished by the owners of the properties along the new route granting easements along the path of this more direct route. As part of the consideration for

granting these easements, Niagara Mohawk released that portion of the 1939 easement which affected certain enumerated lots "above Tract, Section 4 [part 4] and other lands south of Hill [*sic*] Street outside of said Tract".

Pursuant to the 1939 easement, Niagara Mohawk has the right to maintain its electric lines and can trim, cut and remove trees, limbs, brush, and other obstructions which are located within 50 feet of either side of the electric line. Thus, in 1982, Niagara Mohawk directed defendant Dumac Forestry Services, Inc., to enter onto plaintiffs' property and remove a tree which was within 50 feet of the line and interfering with it. Plaintiffs commenced this action to enjoin defendants from interfering with plaintiffs' use and enjoyment of their property, especially with regard to cutting trees on the property.

At a trial without a jury, plaintiffs contended that their property is part of the "other lands south of Hill [*sic*] Street outside of said Tract" and, thus, the easement across their property had been released. In support of their position, plaintiffs pointed out that their property is located south of Hills Street, outside of the Westerly Hills tract, and, therefore, the quoted language refers to their property. Defendants argued that the release related only to the area where the line was relocated and, therefore, affected only those lots specifically enumerated and that land lying under the path of the former electric line which was south of both Hills Street and that section of the tract denominated as part 4. The trial court concluded that the parties to the 1971 agreement intended to release only that part of the 1939 easement which was affected by the relocation of the electric line and, thus, that the 1971 release did not pertain to the easement across plaintiffs' property. From the judgment entered thereon, plaintiffs appeal.

Initially, we find no error in the admission into evidence of certain of defendants' exhibits. The map about which plaintiffs complain was admitted subject to certain redaction desired by plaintiffs and, thus, there is nothing more for plaintiffs to complain about. The record also discloses that the document to which plaintiffs object was properly admitted as a business record (CPLR 4518, subd [a]; see, e.g., *Kelly v Wasserman,* 5 NY2d 425, 429-430).

On the merits, we agree with the trial court's conclusion as to the effect of the 1971 release. It is mandated by statute that the language of a conveyance be construed according to the intent of the parties (see Real Property Law, § 240, subd 3). In accordance with this requirement, it is well settled that the intent must be determined as manifested by the language used, but that when

the language is susceptible of more than one meaning, the surrounding circumstances may be considered to ascertain the parties' intent (see, e.g., 15 NY Jur [rev ed], Deeds, § 66, pp 139-140). In this case, the release affected certain enumerated lots "above Tract, Section 4 [part 4] and other lands south of Hill [*sic*] Street outside of said Tract". Whether "said Tract" refers to the whole of the Westerly Hills parcel, as plaintiffs urge, or only to, as defendants contend, that part of the tract referred to immediately before, i.e., section 4, is unclear from the language used but becomes quite evident upon examination of the circumstances surrounding the transaction.

The major portion of the 1971 agreement deals with granting the new easements for the relocation of the east-west path of the electric line through the northern part of Westerly Hills. Thus, it is logical that the release would include only property directly affected by relocation and not property located hundreds of feet away, such as plaintiffs' property. Furthermore, David Cooper, plaintiffs' own witness and a licensed engineer and surveyor, testified that a portion of the old electric line passed south outside of part 4 of the tract, thereby establishing that defendants' version is supported by the facts. Additionally, plaintiffs consented to Niagara Mohawk's maintenance of the electric line over their property for some 10 years after the purported release of the easement, and this conduct is evidence that no release as to plaintiffs' property was intended (see *Di Leo v Pecksto Holding Corp.*, 304 NY 505, 514). From these facts, it is apparent that the 1971 release was intended to include only that portion of the 1939 easement which was affected by the relocation of the electric lines. Accordingly, the trial court's determination must be affirmed.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.