■ NICHOLAS A. SORDI, Respondent, v ROBERT ADENBAUM et al., Appellants.—In an action, *inter alia,* for a judgment declaring the existence of an easement, the defendants appeal from a judgment of the Supreme Court, Nassau County (Burstein, J.), entered April 17, 1987, which, *inter alia,* declared the existence of the easement and enjoined them from obstructing it.

Ordered that the judgment is affirmed, with costs.

The plaintiff conveyed certain property to the defendants' predecessor in title. The deed of conveyance contains an express reservation of an easement "for the purpose of ingress and egress for motor vehicles and the parking of seven motor vehicles". This easement benefits an adjoining parcel owned by the plaintiff and improved with a two-story office building in which he and his partners practice law. The parties are in dispute over the dimensions of the plaintiff's easement, and over the question of whether the defendants may unilaterally change the dimensions of the easement so as to, as a practical matter, deprive the plaintiff of its benefit. We agree with the trial court's resolution of those issues in favor of the plaintiff.

First, we agree with the trial court that the meaning of the language in the subject deed by which the plaintiff grantor reserved a right-of-way for his adjoining property, is ambiguous. "If the parties to a reservation [of an easement or right-of-way] have failed to express their meaning sufficiently, it becomes a question to be ascertained by a court, and in order to arrive at the intent, the surrounding circumstances may be inquired into and taken into consideration" (49 NY Jur 2d, Easements, § 40, at 125-126, citing *Herman v Roberts,* 119 NY 37; *see also, Sackett v O'Brien,* 43 Misc 2d 476, *mod on other grounds* 27 AD2d 979, *affd* 23 NY2d 883).

Second, we agree with the trial court that, as a matter of

fact, the parties intended that the plaintiff's easement would encompass more than the narrow dimensions reflected in the metes and bounds description contained in the deed. To limit the dimensions of the easement to the terms of the metes and bounds description would, as a practical matter, defeat the basic purpose for which the easement was reserved, i.e., to provide a parking lot for seven cars.

Finally, we agree that the trial court properly enjoined the defendants from altering the dimensions of plaintiff's easement in a manner which would preclude the use of the easement for its intended purpose. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.