■ STEPHEN A. WEINSTEIN et al., Respondents, v ROSE MARKS et al., as Trustees of the Estate of ALBERT MARKS, Deceased, Respondents, and DONALD A. DERFNER, Intervenor-Appellant. —Kane, J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered June 5, 1989 in Sullivan County, which, *inter alia,* granted defendants' cross motion for summary judgment and declared that plaintiffs must exercise their option to purchase from defendants, and (2) from an order of said court, entered November 14, 1989 in Sullivan County, which denied intervenor's motion for leave to renew and reargue.

This appeal concerns certain real property situated in the Town of Lumberland, Sullivan County, previously owned by Samuel Rosenstein and Albert Marks, which they subdivided in 1955 by conveyances of approximately four acres to Rosenstein (hereinafter the Rosenstein parcel) and approximately 50 acres to Marks (hereinafter the Marks parcel). Rosenstein and Marks also executed an agreement granting mutual first refusal rights in each other's parcels, binding upon both parties and their "distributees and assigns" (hereinafter the 1955 agreement). Marks subsequently created a testamentary trust (hereinafter the Marks trust) and named defendants as his trustees. When Marks died the Marks parcel was conveyed to the Marks trust. In 1967, Rosenstein conveyed the Rosenstein parcel to himself and his wife as tenants by the entirety.

In 1974, the Rosensteins conveyed the Rosenstein parcel to Michael Cohen and Joyce Cohen, the assignees of the Marks trust, by deed which incorporated by reference the 1955 agreement "as modified and amended by an agreement dated December 26, 1974 * * * to be recorded in the Sullivan County Clerk's Office" (hereinafter the 1974 agreement). This agreement provided that the 1955 agreement containing the right of first refusal "shall be terminated, canceled and annulled on the date when the purchase money mortgage given by [defendants] or their assigns to [the Rosensteins] shall be liquidated and paid in full". This purchase-money mortgage, given by the Cohens, as assignees, in favor of the Rosensteins, was dated December 30, 1974. In January 1980, unable to make the balloon payment due on the balance of the mortgage, the Cohens conveyed the parcel back to the Rosensteins in lieu of foreclosure. The mortgage was subsequently marked "paid and satisfied". The Rosensteins thereafter conveyed the property to Vincent Scelsi and Mary Scelsi, who eventually deeded the Rosenstein parcel to plaintiffs. Both conveyances were made subject to the 1955 agreement but did not refer to the 1974 agreement.

On October 12, 1986, Donald A. Derfner, the intervenor herein, entered into an agreement with defendant Rose Marks, one of the two trustees of the Marks trust, to purchase the Marks parcel. An attorney for the Marks trust then notified plaintiffs of the proposed sale to the intervenor, apparently under a belief that first refusal rights under the 1955 agreement were still valid. Plaintiffs thereafter responded with a purported exercise of their first refusal "option". Various negotiations between the intervenor and defendants over the sale of the Marks parcel followed, as did communications between defendants and plaintiffs regarding plaintiffs' purported first refusal rights.

Eventually, a dispute arose over the valuation of the Marks parcel which resulted in the instant lawsuit brought by plaintiffs against defendants. Motions for summary judgment followed along with the intervenor's cross motion to intervene. The intervenor also moved for partial summary judgment in his answer declaring, *inter alia,* that the 1955 agreement containing the right of first refusal had been terminated by satisfaction of the Cohen mortgage pursuant to the 1974 agreement. Supreme Court denied the intervenor's motion for partial summary judgment but granted the motion to intervene on the basis of a contract existing between the intervenor and defendants. Supreme Court also denied plaintiffs'

motion for summary judgment and granted defendants' cross motion for summary judgment, allowing plaintiffs 60 days in which to exercise their option to purchase the Marks parcel, with the intervenor allowed to purchase thereafter. The intervenor now appeals.

As to the challenge to the intervenor's standing to intervene, we note that neither defendants nor plaintiffs have perfected a cross appeal from Supreme Court's order granting intervention *(see, Matter of Richie v Coughlin,* 148 AD2d 178, 183-184, *lv denied* 75 NY2d 707, *cert denied* — US —, 111 S Ct 76). However, and in any event, given the evidence in the record demonstrating the existence of a contract between defendants and the intervenor, the motion to intervene was properly granted *(see, Levine v Town of Oyster Bay,* 40 Misc 2d 605).

We agree also with Supreme Court's conclusion that the 1955 agreement was terminated according to the terms of the 1974 agreement when the Cohens deeded the property to the Rosensteins in lieu of foreclosure in 1980. Contrary to the position taken by defendants and plaintiffs, the record contains sufficient evidence demonstrating that the Cohens were assignees of the Marks trust and that the deed from the Rosensteins to the Cohens incorporated by reference the 1974 agreement modifying the 1955 agreement. Thus, the conveyance of the deed in lieu of foreclosure, with the purchase-money mortgage subsequently marked "paid and satisfied", fulfilled the requirements of the 1974 agreement that the mortgage "be liquidated and paid in full" *(see, Dime Sav. Bank v Coleman,* 267 App Div 828) and caused the 1955 agreement and any first refusal rights thereunder to be terminated.

We must reject, however, the conclusions that the Rosensteins and defendants breathed new life into the 1955 agreement by continuing to operate under its terms and conditions. The intention of the parties as evidenced by their own words demonstrates that performance of the conditions contained in the 1974 agreement terminated the 1955 agreement *(see,* 22 NY Jur 2d, Contracts, § 434, at 356). Nothing in the record, including the subjective beliefs of the parties, persuades us that "a different intent can be deduced from the agreement of annulment, construed in the light of attendant circumstances" *(supra; see, Posner Constr. Co. v Valley View Dev. Corp.,* 118 AD2d 1001, 1001-1002). We likewise reject the conclusions that the offering to plaintiffs of first refusal rights in 1986 constituted a new and distinct offer to plaintiffs, independent

of the 1955 agreement. Defendants expressly offered plaintiffs the option to buy pursuant to the 1955 agreement. There is nothing in the expressed terms of the offer to indicate that defendants intended to offer plaintiffs first refusal rights regardless of the validity of the 1955 agreement or that plaintiffs so relied thereon. Under these circumstances, we cannot conclude that the offer, expressly made pursuant to the terminated 1955 agreement and implicitly made *only* because of it, was a separate, independent offer. The expressed intent of the parties, as well as their subsequent actions, dictates otherwise. In light of the foregoing, we find that the 1955 agreement and any alleged rights upon which plaintiffs' claims rely were terminated and annulled as of March 25, 1980. In so finding, we need not reach the remaining contentions raised in this appeal. Accordingly, defendants' cross motion should be denied and the intervenor's cross motion for partial summary judgment granted, as limited by this court's decision.

Order entered June 5, 1989, modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion for summary judgment and denied the intervenor's cross motion for partial summary judgment; defendants' cross motion denied and the intervenor's motion for partial summary judgment granted to the extent that it is declared that the 1955 agreement and plaintiffs' alleged rights of first refusal thereunder were terminated on March 25, 1980; and, as so modified, affirmed.

Appeal from order entered November 14, 1989 dismissed, as academic, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.