■ INCORPORATED VILLAGE OF ATLANTIC BEACH, Appellant, v ARTEMIOS GAVALAS, Respondent.—In an action to enjoin the defendant from building upon certain of his property located in the Incorporated Village of Atlantic Beach, owing to his failure to file an environmental impact statement pursuant to Local Laws, 1977, No. 2 of the Incorporated Village of Atlantic Beach, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated May 25, 1990, which granted the defendant's motion to vacate a preliminary injunction previously issued on May 15, 1989, and for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court, dated

November 16, 1990, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated May 25, 1990, is dismissed, as that order was superseded by the order dated November 16, 1990, made upon reargument; and it is further,

Ordered that the order dated November 16, 1990, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant is the owner of property located in the Incorporated Village of Atlantic Beach in Nassau County and zoned for business use. In May 1987 he applied to the Village for a building permit to construct 11 retail stores on his premises. In March 1989 the defendant sought relief pursuant to CPLR article 78 to compel the Village to forward his application for a building permit to the Town of Hempstead so it could be acted upon. Thereafter, the defendant received building permits from both the Town and the Village. The defendant then commenced construction on or about April 10, 1989. Approximately one week later, the Village issued stop work orders directing the defendant to "stop all work" immediately on the premises on the ground, *inter alia,* that the defendant had failed to comply with Local Laws, 1977, No. 2 of the Incorporated Village of Atlantic Beach, which is essentially a local version of the New York State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), which required that the defendant submit an environmental assessment form detailing the possible effects of the construction on the environment. On April 25, 1989, the defendant recommenced construction on his parcel in derogation of the stop work orders, and the Village thereafter moved for a preliminary injunction. By order dated May 15, 1989, the Supreme Court, Nassau County (Murphy, J.), granted the plaintiff Village's motion for a preliminary injunction barring construction. The court held that the Village had a duty to the public to require the submission of an environmental assessment form by the defendant, and that, by issuing a building permit prior to obtaining such a form, the Village had, in fact, committed "error and perhaps even malfeasance".

In June 1989 the defendant submitted an environmental assessment form to the Village, in accordance with the local law. The Village thereafter designated itself "lead agency" for the purposes of reviewing the form and "administering the SEQRA processes", and notified a number of other involved agencies of the defendant's building application. In August

1989 the Village advised the defendant that the Village Board of Trustees, after having conducted a public hearing, had determined that the proposed construction would have a significant effect upon the environment and that he would be required to submit a full environmental impact statement (hereinafter EIS) pursuant to SEQRA.

In February 1990 the defendant moved to vacate the previously issued preliminary injunction issued May 15, 1989, on the ground that the subject matter of the action did not fall within the purview of SEQRA, and for partial summary judgment dismissing the complaint.

In the order appealed from dated May 25, 1990, the Supreme Court, Nassau County (Murphy, J.), granted the defendant's motion, vacated the preliminary injunction, and awarded him partial summary judgment dismissing the complaint. Upon reargument, the court adhered to the original determination in an order dated November 16, 1990. Addressing the issue as to whether the Village's continued withholding of the building permit was justifiable as a matter of law, the court held, in relevant part: "[A]ll matters of zoning and land use within the Village, as a matter of law pursuant to the Nassau County Charter, are exclusively under the control and governance of the Town of Hempstead. [A]ny application of SEQRA [to a building project] is for the Town to determine, not the Village * * * SEQRA, and Local Law 2 primarily involve land use considerations regarding the protection of the environment * * * Their laudable aims invoke zoning powers rather than police powers. Consequently, the implementation of SEQRA and Local Law 2 by the Village here would be an impermissible exercise of zoning powers".

We agree. The Village's contention that it properly assumed lead agency status for the purposes of conducting an environmental review pursuant to SEQRA and that it had the authority to request that the defendant submit an environmental impact statement as a prerequisite to its issuance of a building permit is without merit.

Pursuant to Nassau County Charter §§ 1606 and 1607, only the Town of Hempstead is empowered to enact and enforce zoning laws within the Village (see, Incorporated Vil. of Atl. Beach v Town of Hempstead, 19 NY2d 929). Since the Town, and not the Village, is the ultimate decision-maker as to land use and zoning matters within the boundaries of the Village, the Village is not the agency "principally responsible for carrying out, funding or approving an action" (6 NYCRR 617.2 [v]) and, therefore, cannot assume the role of lead agency in

any assessment of environmental effects (see, Matter of Coca-Cola Bottling Co. v Board of Estimate, 72 NY2d 674).

Moreover, the defendant met all applicable building code requirements and required no zoning variances. Thus, his proposed development would appear to be an "as of right" proposal for which a building permit must issue. The issuance of a building permit being a ministerial act, there was no governmental "action" that could require the preparation of an environmental impact statement (see, ECL 8-0105 [5] [ii]; Matter of Filmways Communications v Douglas, 106 AD2d 185, affd 65 NY2d 878). Thompson, J. P., Miller, Ritter and Copertino, JJ., concur.