■ ISOBEL LARSEN, Respondent, v INCORPORATED VILLAGE OF NISSEQUOGUE, Appellant, et al., Defendant. (And a Third-Party Action.) [595 NYS2d 829] —In an action for a judgment declaring, *inter alia,* that an amendment to a zoning ordinance enacted on September 9, 1985, did not apply to the plaintiff's property, the defendant Incorporated Village of Nissequogue appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered January 9, 1991, which declared that the amendment did not prohibit the issuance of a building permit to the plaintiff and directed the defendants to issue the permit.

Ordered that the judgment is affirmed, with costs.

The plaintiff is a contract vendee of a parcel of land located in the defendant Incorporated Village of Nissequogue. Subsequent to the execution of the contract, the Village amended its zoning ordinance to provide that, "[n]o portion of the minimum area requirement of a lot may be achieved by including land under water" (Village of Nissequogue Zoning Ordinance § 48 [Local Laws, 1985, No. 3 of Village of Nissequogue]). The Supreme Court properly found that the amendment did not apply to the plaintiff's parcel of land by virtue of Village of Nissequogue Zoning Ordinance § 443.1. Therefore, a building permit should have been issued to the plaintiff.

Section 443.1 provides that, "[a] permit may be issued for the erection of a building housing a permitted use on any lot which has been made non-conforming * * * by the adoption of this Ordinance * * * or any amendment thereto, provided that a valid conveyance has been recorded or a bona fide contract of sale for said lot has been executed and delivered prior to the date of the adoption of the provision * * * that made the lot non-conforming". It is undisputed that the plaintiff and the contract vendors executed the contract of

sale prior to the date of the adoption of the amendment in question. Thus, the lot clearly fell within the exclusion provided by section 443.1. Since that section obviates the need for a variance, the Village's assertion that the plaintiff failed to demonstrate her right to a variance is of no moment.

We find no merit to the Village's assertion that summary judgment was improperly granted because there were unaddressed environmental issues. "The issuance of a building permit being a ministerial act, there was no governmental 'action' that would require the preparation of an environmental impact statement" *(Incorporated Vil. of Atl. Beach v Gavalas,* 183 AD2d 750, 753; *see also, Matter of Neville v Koch,* 79 NY2d 416, 426; *Matter of Filmways Communications v Douglas,* 106 AD2d 185, *affd* 65 NY2d 878; 6 NYCRR 617.2 [x]; ECL 8-0105 [5] [ii]). Since there was no requirement of an environmental impact statement at this juncture, it follows that the Village improperly sought to deny the building permit on environmental grounds.

We have reviewed the Village's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.