■ JOSEPH H. ADAMS, Appellant, v GEORGE BERKOWITZ et al., Respondents. [622 NYS2d 565] —In an action, *inter alia,* to recover damages for nuisance, fraud, and negligence, the plaintiff appeals (1) from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated February 28, 1992, which granted those branches of the defendants' motion which were to dismiss the first, second, third, fifth, and sixth causes of action asserted in the complaint, (2) from an order of the same court, entered July 30, 1992, which denied his motion to

serve an amended complaint, and (3) as limited by his brief, from so much of an order of the same court, also entered July 30, 1992, as denied that branch of his motion denominated as one to renew, but which was, in effect, to reargue, his opposition to the defendants' motion to dismiss the complaint.

Ordered that the appeal from so much of the order entered July 30, 1992, as denied the branch of the plaintiff's motion denominated as one to renew, but which was, in effect to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 28, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered July 30, 1992, which denied the plaintiff's motion to serve an amended complaint, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff and the defendant George Berkowitz are the owners of adjoining property in the Village of South Nyack. In 1988 Berkowitz decided to construct a new home on his property on a pre-existing foundation. Berkowitz and his architect and engineer, the defendant Robert Wisner, submitted an application to the Zoning Board of Appeals of the Village of South Nyack for a variance of the side-yard requirements for that portion of Berkowitz's property which is adjacent to the plaintiff's property. The application for a variance made no mention of any air-conditioner units. Thereafter, the defendants constructed the home with two air-conditioner units located in the side yard adjacent to the plaintiff's property.

In the instant action, the plaintiff claims, in relevant part, that the air conditioners constitute a nuisance, that the defendants perpetrated a fraud upon him, and that they were negligent in their application for the variance. The Supreme Court dismissed the causes of action grounded on these theories. We affirm.

First, the plaintiff has no cognizable claim in nuisance. The alleged disturbance caused by the air-conditioner units does not, as a matter of law, rise to the level of substantial and unreasonable interference with the plaintiff's use and enjoyment of his property which would constitute a private nuisance (see, Lewis v Stiles, 158 AD2d 589).

Second, the plaintiff has no cognizable claim in fraud as he never demonstrated that the defendants made a false repre-

sentation which was either known to be untrue or made with reckless disregard of its truth and that the defendants intended to deceive the plaintiff in order to have him part with or refrain from obtaining something of value, thereby causing injury *(see, Pappas v Harrow Stores,* 140 AD2d 501, 509).

Third, the defendants were not negligent because they had no duty to disclose the location of the air conditioners to the plaintiff *(see,* Prosser & Keeton, Torts § 30, at 164-165 [5th ed]).

In addition, since the proposed amended complaint did not add any information of significance, the motion to amend the complaint was properly denied *(see, Flynn v Sinclair Oil Corp.,* 14 NY2d 853).

Finally, that branch of the plaintiff's motion which was to renew his opposition to the defendants' motion to dismiss the complaint was not based upon new facts which were unavailable at the time of the original motion. Under these circumstances, this Court has held that such a motion is actually a motion to reargue, the denial of which is not appealable *(see, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538). Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.