■ Michael Hunt et al., Appellants, v Pole Bridge Hunting Club, Inc., Respondent. [631 NYS2d 711] —In an action, *inter alia,* for a judgment declaring that the plaintiffs possess an easement burdening the defendant's property, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Sherwood, J.), dated April 19, 1994, which granted the defendant's motion for summary judgment to the extent indicated therein, and denied the plaintiffs' cross motion for summary judgment in its entirety, and (2) a judgment of the same court, entered June 1, 1994, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiffs and the defendant are adjoining landowners. The defendant deeded to the plaintiff Michael Hunt individually a 21.7-acre parcel of property lying generally to the south of the defendant's parcel, along with an easement appurtenant permitting the use of that portion of the defendant's property consisting of a former railroad roadbed which was "lying generally to the South of the lands being conveyed hereunder". Thereafter, Hunt and the plaintiff Richard Kowal, as tenants in common, acquired a 529-acre parcel of land adjacent to and lying generally to the north of the defendant's parcel, and began using the portion of the defendant's roadbed which stretched north of the southern border of Hunt's 21.7-acre parcel to gain access to their 529-acre parcel. After several years of consensual use, the defendant blocked a portion of the roadbed which the plaintiffs used to gain access to their 529-acre property.

The extent of an easement claimed under a grant is generally determined by the language of the grant *(see, Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150). "If there is no ambiguity in the grant, the grantee will take only that which is given to him" (2 Warren's Weed, New York Real Property, Easements § 17.03). The language of the grant clearly indicated that the easement appurtenant to the 21.7-acre parcel applied only to that portion of the roadbed lying "generally to the South of the lands being conveyed hereunder". In any event, " 'the owner of the dominant tenement may not subject the servient tenement to servitude or use in connection with other premises to which the easement is not appurtenant *(Williams v. James,* L.R. 2 C.P. 577)' " *(Mancini v Bard,* 42 NY2d 28, 31). Accordingly, the Supreme Court correctly determined that the easement applied only to that portion of the roadbed which extended south below the southern border of the 21.7-acre parcel, and that the additional 529-acre parcel purchased by the plaintiffs did not benefit from the easement appurtenant to Hunt's 21.7-acre parcel. Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.