■ JOSEPH A. CASSIDY, JR., et al., Respondents-Appellants, v REYDON SHORES PROPERTY OWNERS ASSOCIATION, INC., Appellant-Respondent. [650 NYS2d 586] —In an action, *inter alia,* for a judgment declaring the plaintiffs' rights to easements over the defendant's property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 17, 1995, as, upon reargument, adhered to a determination made in a prior order of the same court, dated April 27, 1995, denying its motion for summary judgment dismissing the complaint, and the plaintiffs cross appeal, as limited by their brief, from so much of the same order as, upon reargument, adhered to the order dated April 27, 1995, which denied their cross motion for summary judgment on their first and second causes of action and to dismiss the defendant's affirmative defenses.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs, individual owners of parcels of real property in the Town of Southhold, Long Island, seek to enforce easements over the common areas of an adjacent subdivision, owned by the defendant Reydon Shores Property Owners Association, Inc. The defendant moved for summary judgment

claiming, *inter alia,* that the easements, although granted by deed, had been extinguished by adverse possession. The plaintiffs cross-moved, *inter alia,* for summary judgment. The Supreme Court properly denied both motions.

To establish its claim of adverse possession, the defendant must demonstrate that its use of the easement areas has been adverse to the plaintiffs, under a claim of right, open and notorious, exclusive and continuous, for a period of 10 years (*see, Spiegel v Ferraro,* 73 NY2d 622). The plaintiffs do not dispute that the defendant occasionally chased them from the beach or marina, denied them membership in the association, and closed its roadways one day per year. However, the record presents triable issues of fact as to the extent, duration and effectiveness of these attempts to exclude the plaintiffs (*cf., 1080 Warburton Corp. v Harton Realty Corp.,* 175 AD2d 917). In particular, we note that deposition testimony of the individual plaintiffs contradicts the defendant's allegation that the plaintiffs have been denied access since 1958.

The parties' remaining contentions are without merit. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.