■ JOHN PERILLO et al., Appellants, v SALVATORE CREDENDINO et al., Respondents. [694 NYS2d 698] —In an action for a judgment declaring, inter alia, the extent of an easement over the defendants' property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Wood, J.H.O.), dated March 18, 1998, which, after a nonjury trial, declared, among other things, that the plaintiffs' easement over the defendants' property was limited to "a certain 20 ft. right-of-way as defined and described in a certain survey dated August 25, 1994".

Ordered that the judgment is affirmed, without costs or disbursements.

The extent of an easement claimed under a grant is generally determined by the language used in the grant (see, Hunt v Pole Bridge Hunting Club, 219 AD2d 618; Hudson Val. Cablevision Corp. v 202 Developers, 185 AD2d 917; Mandia v King Lbr. & Plywood Co., 179 AD2d 150). Where the language in the grant is vague and unclear, extrinsic factors may be considered to determine the grantor's intent (see, Route 22 Assocs. v Cipes, 204 AD2d 705; 5 Warren's Weed, New York Real Property, Easements, § 5.02 [4th ed]). In this case, the trial court properly considered extrinsic evidence of the grantor's intent in conveying the right-of-way since the language in the 1975 deed prepared by the plaintiffs' attorney was unclear (see, Sordi v Adenbaum, 143 AD2d 898; 49 NY Jur 2d, Easements, § 36). The evidence presented at trial established that the right-of-way originally conveyed to the plaintiffs was limited in the manner set forth in the judgment of the Supreme Court.

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.