■ PATRICK O'MALLEY et al., Respondents, v HILL AND DALE PROPERTY OWNERS, INC., Appellant, et al., Defendant. [749 NYS2d 572] —In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to an easement of ingress and egress across the roads, streets, trails, lanes, paths, or highways of the defendant Hill and Dale Property Owners, Inc., the defen-

dant Hill and Dale Property Owners, Inc., appeals from (1) an order of the Supreme Court, Putnam County (Hickman, J.), dated May 15, 2001, and (2) an amended order of the same court, entered May 23, 2001, which granted the plaintiffs' motion, in effect, for summary judgment on the complaint insofar as asserted against it.

Ordered that the appeal from the order is dismissed, as the order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

On December 5, 1928, Ralph Palmer, owner of a parcel of real property (hereinafter the subject lot) located in the Town of Carmel in Putnam County, conveyed the subject lot to Hill and Dale Country Club, Inc. (hereinafter HD) by warranty deed recorded on January 7, 1929. HD also owned certain real property consisting of the "roads, streets, trails, lanes, paths or highways" (hereinafter the roads) that were contiguous to various parcels of real property, including the subject lot. On October 30, 1930, HD conveyed its interest in the roads to the defendant Hill and Dale Property Owners, Inc. (hereinafter Property Owners) by way of a bargain and sale deed dated October 30, 1930, and recorded on June 9, 1931 (hereinafter the 1930 deed). In the 1930 deed, HD reserved the right to have "free and unobstructed use of any and all" of the roads around the subject lot, "and subject further to the right of [HD] to sell and convey to other persons, firms or corporations the right to use said" roads. The 1930 deed further provided that the use of the roads extending around the subject lot included "ingress and egress by foot or in vehicles."

Many years later, HD defaulted in the payment of taxes on the subject lot, and on February 1, 1996, a deed was recorded which bestowed title to the subject lot in the County of Putnam (hereinafter the County). The plaintiffs, Patrick O'Malley and Beth O'Malley, were the highest bidders in the auction conducted by the County. When the plaintiffs sought to obtain title insurance on the subject lot, they were advised that the subject lot was not insurable due to a potential problem concerning rights of ingress and egress. The plaintiff then asked for Property Owners' consent for ingress and egress over their roads. When the plaintiffs' requests were refused, they commenced the instant action. By notice of motion dated January 19, 2001, the plaintiffs moved for summary judgment, seeking a declaration that they had an easement over Property Owners' roads for the purpose of ingress and egress. By order

dated May 15, 2001, the Supreme Court granted the motion, finding that the plaintiffs proved that the easement was specifically reserved by HD for the subject lot and is enforceable against Property Owners. The Supreme Court further held that Property Owners' speculative claims in opposition to the plaintiffs' motion failed to raise any triable issues of fact. We affirm.

Contrary to the contention of Property Owners, the plaintiffs, as the contract vendees of the subject lot, had standing to commence this action (*see Redwood Constr. Corp. v Doornbosch,* 238 AD2d 329; *Larsen v Incorporated Vil. of Nissequogue,* 192 AD2d 585; *Weinstein v Marks,* 167 AD2d 704).

The extent of an easement claimed under a grant is generally determined by the language of the grant (*see Perillo v Credendino,* 264 AD2d 473). The terms of the grant "are to be construed most strongly against the grantor in ascertaining the extent of the easement" (*Phillips v Jacobsen,* 117 AD2d 785, 786). An easement granted in general terms must be construed to include any reasonable use, provided the use is lawful and it is contemplated by the grant (*see Phillips v Jacobsen, supra* at 786). The plaintiffs demonstrated prima facie entitlement to summary judgment, in that the language of the grant in the 1930 Deed indicates that HD specifically reserved the rights of ingress and egress across the roads and paths deeded to Property Owners. Thus, the Supreme Court properly determined that "all the surrounding circumstances and evidence" (*Wilcox v Reals,* 178 AD2d 885, 886) sufficiently indicated an intent on the part of the grantor to create an enforceable easement (*see Betsch v Chernushka,* 265 AD2d 440). In opposition to the plaintiffs' prima facie showing of entitlement to summary judgment, Property Owners submitted a conclusory affidavit which was insufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion, in effect, for summary judgment on the complaint insofar as asserted against Property Owners. Santucci, J.P., O'Brien, McGinity and Townes, JJ., concur.