■ Jonathan Bell et al., Respondents, v Sonja Savig, Appellant. [792 NYS2d 866]—In an action, inter alia, for a judgment declaring the rights of the parties and their successors in interest with respect to concomitant mutual easements for the use of a shared driveway, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated October 14, 2003, which granted the plaintiffs' motion for summary judgment, struck her answer and counterclaims, and denied her cross motion for summary judgment, and (2) a judgment of the same court entered March 12, 2004, which, upon the order, inter alia, declared that the parties have mutual cross-easements with respect to the driveway and directed the recording of the easements. The notice of appeal from the order dated October 14, 2003, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs made a prima facie showing of entitlement to summary judgment by demonstrating the absence of a triable issue of fact. In response, the defendant failed to submit proof in admissible form sufficient to raise a triable issue of fact (*see* CPLR 3212 [b]; *R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Davis v Incorporated Vil. of Babylon, N.Y.*, 13AD3d 331; *Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist.*, 12 AD3d 395 [2004]; *O'Malley v Hill & Dale Prop. Owners*, 299 AD2d 400, 402 [2002]; *Krakowska v Niksa*, 298 AD2d 561, 562 [2002]).

The defendant's remaining contentions are without merit. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.