■ CARLA STARCIC, Appellant, v CHARLES D. HARDY et al., Respondents. [818 NYS2d 602]—

In an action to enjoin the defendants from interfering with the installation of a water pipe under the surface of a private road and for a judgment declaring that the plaintiff has the right to install the water pipe, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated July 20, 2005, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court improperly determined that the plaintiff's deed was dispositive as to the extent of the easement over the defendants' property. "The owner of an easement has an interest in the land of another" (4 Powell on Real Property § 34.20 [1], at 34-185). "The extent of an easement claimed under a grant is generally determined by the language used in the grant" (*Perillo v Credendino,* 264 AD2d 473, 473 [1999]; *see Hudson Val. Cablevision Corp. v 202 Devs.,* 185 AD2d 917, 920 [1992]). The easement at issue in this case was not, and could not have been, granted in the deed from the plaintiff's immediate predecessor to the plaintiff, because that deed could not unilaterally create an easement over the defendants' property where none existed previously. Indeed, the plaintiff contends that the easement appeared in the defendants' chain of title long before the plaintiff obtained title to her parcel. Consequently, the Supreme Court erred in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) solely on the basis of its examination of the plaintiff's deed. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.