■ BOARD OF MANAGERS OF BAYSIDE PLAZA CONDOMINIUM, Appellant, v ROBERT MITTMAN, Respondent. [855 NYS2d 230]—

In an action, inter alia, for a judgment declaring the respective rights of the parties in an easement and to recover damages for violation of the easement, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated November 8, 2006, as denied those branches of its motion which were for summary judgment on the first, second, third, fourth, and fifth causes of action and granted that branch of the defendant's cross motion which was

for summary judgment dismissing the complaint, and (2), as limited by its brief, from so much of a judgment of the same court entered January 11, 2007, as declared that the scope of the relevant easement permitted the defendant to maintain heating, ventilating, and air conditioning equipment on the second floor roof terrace on the subject premises.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Where, as here, an express grant of an easement is ambiguous, the court will consider surrounding circumstances tending to show the intention of the parties (*see Loch Sheldrake Assoc. v Evans,* 306 NY 297, 304 [1954]; *Perillo v Credendino,* 264 AD2d 473 [1999]; *Spiak v Zeglen,* 255 AD2d 754, 757 [1998]; *Sordi v Adenbaum,* 143 AD2d 898 [1988]; *Phillips v Jacobsen,* 117 AD2d 785, 786 [1986]). The evidence presented demonstrated that shortly after the easement was granted in 1991 heating, ventilating, and air conditioning (hereinafter HVAC) units were installed on the second floor roof terrace, which is located "over" the defendant's commercial units. The HVAC units remained until 2005 when the condominium sought to have them removed. Based on such evidence, the parties clearly intended that the defendant would be able to install and maintain HVAC units on the second floor terrace (*see Sordi v Adenbaum,* 143 AD2d at 898-899; *Matzell v Distaola,* 105 AD2d 500, 501-502 [1984]). Consequently, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action, alleging a violation of the easement and, further, properly declared, with respect to the second cause of action, that the scope of the relevant easement permitted him to maintain HVAC equipment on the second floor roof terrace (*see Optical Exch. of 35th St. v Soung E. Hong,* 292 AD2d 218 [2002]).

The Supreme Court also properly granted those branches of the defendant's cross motion which were for summary judgment dismissing the third and fourth causes of action alleging trespass and nuisance, respectively (*see Adams v Berkowitz,* 212

AD2d 557, 558 [1995]; *Krosky v Hatgipetros,* 150 AD2d 344, 345 [1989]).

Since the defendant was neither in violation of the easement nor committing a nuisance on the property, the Supreme Court properly granted that branch of his motion which was for summary judgment dismissing the fifth cause of action alleging breach of the condominium's bylaws.

In light of our determination, the parties' remaining contentions need not be addressed. Miller, J.P., Covello, Eng and Chambers, JJ., concur.