In an action, inter alia, pursuant to RFAPL article 15 to compel the determination of claims to real property and for a judgment declaring that the plaintiffs property is not subject to easements in favor of the defendants Gregory E Fisher, C. Robert Clemensen, and Doris Clemensen, for ingress to and egress from the Hudson River, (1) the plaintiff appeals, as limited by its notice of appeal and brief, from (a) so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated March 29, 2011, as denied those branches of its motion which were for summary judgment on so much of the first cause of action as sought a judgment declaring that its property is not encumbered by any easement in favor of the defendants C. Robert Clemensen and Doris Clemensen except an easement for an existing roadway, and for summary judgment on the issue of liability on the second, third, and fifth causes of action insofar as asserted against the defendants Gregory E Fisher, C. Robert Clemensen, and Doris Clemensen, and granted those branches of the cross motion of the defendants Gregory E Fisher, C. Robert Clemensen, and Doris Clemensen which were for summary judgment dismissing the complaint insofar as asserted against the defendants C. Robert Clemensen and Doris Clemensen and declaring that the plaintiffs property is subject to the alleged easement in favor of the defendants C. Robert Clemensen and Doris Clemensen, and (b) so much of an order of the same court dated September 19, 2011, as, upon reargument, in effect, adhered to the prior determination denying those branches of its motion which were for summary judgment on so much of the first cause of action as sought a judgment declaring that its property is not encumbered by any easement in favor of the defendants C. Robert Clemensen and Doris Clemensen except an easement for an existing roadway, and for summary judgment on the issue of liability on the second, third, and fifth causes of action insofar as asserted against the defendants C. Robert Clemensen and Doris Clemensen, and (2) the defendants Gregory E Fisher, C. Robert Clemensen, and Doris Clemensen cross-appeal (a) from so much of the order dated March 29, 2011, as granted that branch of the plaintiffs motion which was for summary judgment on so much of the first cause of action as sought a judgment declaring that the plaintiffs property is not subject to the alleged ease *1038 ment in favor of the defendant Gregory E Fisher, and, in effect, denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Gregory E Fisher and declaring that the plaintiff s property is subject to the alleged easement in favor of the defendant Gregory E Fisher, and (b), as limited by their brief, from so much of the order dated September 19, 2011, as granted that branch of the plaintiffs motion which was for leave to reargue its opposition to those branches of their cross which were for summary judgment dismissing the complaint insofar as asserted against the defendants C. Robert Clemensen and Doris Clemensen and declaring that the plaintiffs property is subject to the alleged easement in favor of those defendants, and upon reargument, denied those branches of their cross motion.
Ordered that the plaintiffs appeal from so much of the order dated March 29, 2011, as denied those branches of its motion which were for summary judgment on so much of the first cause of action as sought a judgment declaring that its property is not encumbered by any easement in favor of the defendants C. Robert Clemensen and Doris Clemensen except an easement for an existing roadway, and for summary judgment on the issue of liability on the second, third, and fifth causes of action insofar as asserted against the defendants Gregory E Fisher, C. Robert Clemensen, and Doris Clemensen, and granted those branches of the cross motion of the defendants Gregory E Fisher, C. Robert Clemensen, and Doris Clemensen which was for summary judgment dismissing the complaint insofar as asserted against the defendants C. Robert Clemensen and Doris Clemensen and declaring that the plaintiffs property is subject to the alleged easement in favor of the defendants C. Robert Clemensen and Doris Clemensen is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated September 19, 2011; and it is further,
Ordered that the order dated March 29, 2011, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
Ordered that the order dated September 19, 2011, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff and the defendants Gregory E Fisher, C. Robert Clemensen, and Doris Clemensen (hereinafter collectively the individual defendants) own neighboring lots located between North Broadway and the shore of the Hudson River in Upper Nyack, New York. The lot owned by the defendants C. Robert *1039 Clemensen and Doris Clemensen abuts North Broadway, and has no river frontage. The lot owned by the defendant Gregory E Fisher borders the Clemensen lot on the east, and has approximately 100 feet of river frontage. The lot owned by the plaintiff, Menucha of Nyack, LLC, borders the Fisher lot on the north, and also has river frontage. The land narrows as it approaches the river, and the plaintiffs lot extends further east than Fisher’s lot.
The Clemensens’ deed contains language granting them an easement over “the southerly ten feet” of a private driveway/ roadway running along the southern boundary line of their property, “together with the right of way of ingress and egress over the continuation of said private roadway as now or hereafter located to the Hudson River.” A private paved roadway runs from North Broadway toward the river along the southern boundary of the Clemensens’ property, and then along the boundary line between Fisher’s property and the plaintiff’s property, burdening a 10-foot strip on the southern portion of Fisher’s property, and a 10 foot strip on the northern portion of the plaintiffs property. However, approximately 155 feet before reaching the shore, the existing roadway turns into a driveway that extends over Fisher’s property to a neighboring lot to the north, while the boundary line between Fisher’s property and the plaintiffs property continues east, ending at the site of a former dock on the plaintiffs property. In 2004, Fisher’s predecessor-in-title extended this driveway east to within 30 feet of the river.
The individual defendants allege, inter alia, that the language in the Clemensen deed creating an easement for access to the river entitles the Clemensens to extend the existing paved roadway an additional 155 feet, first along the boundary line between Fisher’s property and the plaintiffs property, and then continuing east along the northern portion of the plaintiffs property to the shoreline. The plaintiff alleges, however, that the Clemensens’ easement over its property was conditioned on the continuation of the existing roadway to the river, which never occurred. The plaintiff further contends that any alleged easement along the boundary line to the river over the northeastern portion of its property was extinguished by adverse possession because, in the early 1970s, the plaintiff’s predecessor-in-title built a seawall enclosing three sides of this area, and filled it in with dredged material to create a backyard. Although the deeds to both the Clemensen and Fisher lots additionally granted those properties an easement for access to and use of a dock that existed on the plaintiffs lot when the *1040 three properties were subdivided in 1950, a prior action by the Clemensens and Fisher against the plaintiffs predecessor-in-title resulted in a determination that the dock easement had been extinguished by its own terms when the subject dock ceased to exist. Contrary to the individual defendants’ contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was for leave to reargue its opposition to those branches of their cross which were for summary judgment dismissing the complaint insofar as asserted against the defendants C. Robert Clemensen and Doris Clemensen and declaring that the plaintiffs property is subject to the alleged easement in favor of those defendants (see Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777 [2012]; Shields v Kleiner, 93 AD3d 710, 711 [2012]; Fung v Uddin, 60 AD3d 992, 993 [2009]).
Further, upon reargument, the Supreme Court properly concluded, in effect, that neither the plaintiff nor the Clemensens were entitled to summary judgment declaring their rights with respect to the alleged easement appurtenant to the Clemensen property. The extent of an easement claimed under a grant is generally determined by the language used in the grant (see Starcic v Hardy, 31 AD3d 630 [2006]; O'Malley v Hill & Dale Prop. Owners, 299 AD2d 400, 402 [2002]; Perillo v Credendino, 264 AD2d 473 [1999]). However, where the language of the grant is ambiguous or unclear, the court will consider surrounding circumstances tending to show the grantor’s intent in creating the easement (see Schulz v Dattero, 104 AD3d 831, 835 [2013]; Board of Mgrs. of Bay side Plaza Condominium v Mittman, 50 AD3d 718, 719 [2008]; Somers v Shatz, 22 AD3d 565, 567 [2005]; Route 22 Assoc. v Cipes, 204 AD2d 705, 706 [1994]). Here, the language of the grant creating an easement in favor of the Clemensens’ property for “ingress and egress over the continuation of [the] private roadway as now or hereinafter located to the Hudson River” is ambiguous. Moreover, the evidence of the surrounding circumstances relied upon by both parties, including the deeds in the chains of title to all three properties and various surveys, reveal the existence of triable issues of fact, including whether the grantors intended to permanently fix that portion of the easement which continues from the existing roadway to the river through the northeastern portion of the plaintiffs property, and whether the easement was relocated, inter alia, by the extension of the existing roadway over Fisher’s property to within 30 feet of the river in 2004.
In addition, the plaintiff failed to make a prima facie showing *1041 that the Clemensens’ alleged easement to the river along the northeastern portion of its property was extinguished by adverse possession. The plaintiffs submissions were insufficient to establish that its predecessor-in-title effectively interfered with the easement holders’ use and enjoyment of the easement for the requisite period of time by, inter alia, constructing a low sea wall (see Spiegel v Ferraro, 73 NY2d 622, 625-626 [1989]; Mc-Ginley v Postel, 37 AD3d 783, 784 [2007]; Cassidy v Reydon Shores Prop. Owners Assn., 233 AD2d 359, 360 [1996]).
We reject the plaintiffs contention that the Clemensens’ claim to an easement to the river along the northeastern portion of its property is barred by res judicata because it was conclusively determined in the prior action that the plaintiffs predecessor-in-title adversely possessed this portion of the property. The prior action resulted in an order dated July 6, 2006, which, inter alia, granted the motion of the plaintiffs predecessor-in-title for summary judgment dismissing the complaint upon the ground that the individual defendants’ easement for access to and use of a dock on the plaintiffs property “was extinguished by its own terms” once the dock ceased to exist. Although the July 2006 order also contained an alternative determination that the individual defendants’ dock easement had been extinguished by adverse possession because the “entire area” where that easement existed had been filled in and occupied by the plaintiffs predecessor-in-title to the exclusion of the individual defendants, it did not “necessarily decide” whether the Clemensens’ claim to an easement allowing them to continue the existing paved road an additional 155 feet through the northeastern portion of the plaintiffs property was extinguished (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008]; Matter of New Cr. Bluebelt, Phase 4, 79 AD3d 888, 890 [2010]; Wargo v Jean, 77 AD3d 919, 921 [2010]). Indeed, a subsequent order in the prior action expressly stated that “the loss of the dock easement has no effect on the Clemen[s]ens’ right of way for ingress to and egress from the Hudson River, as set forth in the deed to Clemensen dated June 18, 1985.” Under these circumstances, the doctrine of res judicata is inapplicable. Moreover, the alternative determination in the prior action that the individual defendants’ dock easement was extinguished by adverse possession is not entitled to preclusive effect under the doctrine of collateral estoppel (see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199-200 [2008]; O’Connor v G & R Packing Co., 53 NY2d 278, 282-283 [1981]; Matter of Atlantic Mut. Ins. Co. v Lauria, 291 AD2d 492, 493 [2002]).
Accordingly, upon reargument, the Supreme Court properly *1042 adhered to its prior determination denying that branch of the plaintiffs motion which was for summary judgment on so much of its first cause of action as sought a judgment declaring that its property is not subject to the alleged easement in favor of the Clemensens’ property except an easement for the existing roadway, and properly denied that branch of the individual defendants’ cross motion which was for summary judgment declaring that the plaintiffs’ property is subject to the alleged easement in favor of the Clemensens.
The Supreme Court also properly granted that branch of the plaintiffs motion which was for summary judgment on so much of the first cause of action as sought a judgment declaring that its property is not subject to an alleged easement in favor of Fisher, and denied that branch of the individual defendants’ cross motion which was for summary judgment declaring that the plaintiff’s property is subject to an alleged easement in favor of Fisher. While Fisher may use the Clemensens’ easement appurtenant as their invitee (see Pouy v Mandia, 234 App Div 897 [1931]; 1 Rasch, New York Law and Practice of Real Property § 18:51 [2d ed]), the Clemensens, as the owners of the dominant estate, could not burden the servient estate by granting an easement in gross in Fisher’s favor (see 49 NY Jur 2d, Easements § 147; see generally 5 Warren’s Weed, New York Real Property § 40.10). Thus, the plaintiffs property is not subject to an easement in gross in Fisher’s favor.
Since triable issues of fact exist as to whether the Clemensens and Fisher, as the Clemensens’ guest, had the right to enter the plaintiffs property to extend the existing roadway to the river, the Supreme Court properly denied that branch of plaintiff’s motion which was for summary judgment on the issue of liability on its causes of action to recover damages for trespass, private nuisance, and injury to property pursuant to RPAPL 861 insofar as asserted against the individual defendants, and that branch of the individual defendants’ cross motion which was for summary judgment dismissing those causes of action insofar as asserted against them (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The individual defendants’ remaining contentions are without merit. Eng. P.J., Dillon, Lott and Cohen, JJ., concur.