Marino v Mazzuoccola (2021 NY Slip Op 08176)





Marino v Mazzuoccola


2021 NY Slip Op 08176


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-13527
 (Index No. 102972/12)

[*1]Joseph Marino, et al., respondents,
v
Emily Mazzuoccola, et al., appellants, et al., defendant.


Gyimesi & Wedinger, P.C., Staten Island, NY (Laurel A. Wedinger of counsel), for appellants.
Menicucci Villa Cilmi, PLLC, Staten Island, NY (Daniela Guerrero of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring, in effect, that an easement over a certain portion of the plaintiffs' real property is invalid, the defendants Emily Mazzuoccola and Taylor Mazzuoccola appeal from an order of the Supreme Court, Richmond County (Robert W. Soos, Ct. Atty. Ref.), dated September 10, 2018. The order, after a hearing, among other things, in effect, directed the entry of a judgment declaring that the subject easement was invalid.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, directing the entry of a judgment declaring that the subject easement was invalid, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith, and thereafter, for the entry of a judgment, inter alia, declaring that the subject easement is valid; as so modified, the order is affirmed, with costs to the defendants Emily Mazzuoccola and Taylor Mazzuoccola.
The plaintiffs own certain real property in Staten Island, known as Block 6352, Lot 46. The defendant Emily Mazzuoccola, together with her husband, Robert Mazzuoccola, who is now deceased, owned a neighboring parcel of real property. On April 18, 2003, the defendant Jon-Michael General Contracting Co., Inc., granted a perpetual easement to Robert Mazzuoccola, his heirs, successors, or assigns "to use, transfer, control and/or enjoy" certain real property described therein, which is located within Block 6352, Lot 46. That easement was recorded on April 23, 2003. A "corrected" grant of the perpetual easement was later recorded on March 11, 2005.
In October 2012, the plaintiffs commenced the instant action, inter alia, pursuant to RPAPL article 15 for a judgment declaring, in effect, that the easement was invalid because it did not "adequately describe the premises which receive the benefit or burden of the purported [*2]easement." Upon the parties' consent, the matter was referred to a referee to hear and determine, among other things, the validity of the easement. After a hearing, in an order dated September 10, 2018, the referee determined, inter alia, that the subject easement was invalid based on, among other things, the testimony of two land surveyors who opined that the easement, as described, was not plottable.
"In order to create an easement by express grant, plain and direct language must be used which evidences the grantor's intention to permanently give a use of the servient estate to the dominant estate" (Wilcox v Reals, 178 AD2d 885, 885-886). The extent of an easement claimed under a grant is generally determined by the language of the grant (see Menucha of Nyack, LLC v Fisher, 110 AD3d 1037, 1040; Starcic v Hardy, 31 AD3d 630; O'Malley v Hill & Dale Prop. Owners, 299 AD2d 400, 402). The fact that the easement grant does not give the precise location of the easement is not fatal to a finding that an easement was intended (see Wilcox v Reals, 178 AD2d at 886). Where the language of the grant is ambiguous or unclear, the court will consider surrounding circumstances tending to show the grantor's intent in creating the easement (see Menucha of Nyack, LLC v Fisher, 110 AD3d at 1040; Board of Mgrs. of Bayside Plaza Condominium v Mittman, 50 AD3d 718, 719).
Here, the language of both the grant and the corrected grant evidenced the clear intent and purpose to grant a perpetual easement with regard to certain property located within Block 6352, Lot 46. Contrary to the determination of the referee, any purported ambiguities in the metes and bounds descriptions therein did not render the easement invalid. Instead, where, as here, the language was ambiguous, the Supreme Court should have considered "the surrounding circumstances and the situation of the parties when it was executed" (Hedberg v Brew, 266 AD2d 432, 432; see Sassouni v Krim, 68 AD3d 968, 970; Board of Mgrs. of Bayside Plaza Condominium v Mittman, 50 AD3d at 719). The evidence presented at the hearing, which included the testimony of Emily Mazzuoccola, surveys, and photographs, demonstrated that the grantor intended to grant a perpetual easement with regard to the disputed area of land located within Block 6352, Lot 46, containing improvements of a stucco wall and a covered wooden deck. The easement was specifically referenced on a survey dated July 2, 2002. Accordingly, the court should have determined that the subject easement was valid.
The parties' remaining contentions are without merit.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Richmond County, for the entry of a judgment, inter alia, declaring that the subject easement is valid (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court