■ EDWARD WIEDERSPIEL, 3RD, Respondent, v MICHAEL J. BERNHOLZ et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 31, 1989 in Ulster County, which, inter alia, granted plaintiff's motion for a preliminary injunction.

Defendants challenge the grant of a preliminary injunction to plaintiff forestalling them from improving the right-of-way that the Hudson Valley Holding Company and defendant Michael J. Bernholz* enjoy over plaintiff's property beyond the existing 12-foot width thereof and the construction of a ditch along the easterly side of said right-of-way. It is defendants' contention that plaintiff failed to show a clear right to the injunction. Plaintiff sought the injunction to forestall defendants from extending the 10-to-12-foot-wide existing gravel road and to prevent defendants from removing trees beyond the road's perimeter which plaintiff contends are on his land and not subject to the easement. Defendants have removed trees and were in the process of widening the road. Defendants contend that the right-of-way is considerably wider and that the remnants of a barbed wire fence on both sides of the road indicate that the right-of-way ranges from 30 to 35 feet.

---

* Bernholz and defendant Suzanne H. Comatos are the owners of the Hudson Valley Holding Company.

The granting of a preliminary injunction is a drastic remedy and should be used sparingly. For a plaintiff to prevail, he must establish undisputed entitlement to the relief by a showing of a likelihood of ultimate success on the merits, irreparable injury absent the granting of the preliminary injunction and that the equities weigh in his favor *(Brodsky v City of Rochester,* 142 AD2d 1002, 1003).

The issue here is whether Supreme Court abused its discretion in granting the preliminary injunction. We affirm. The deed, dated May 14, 1945, conferring the right-of-way to plaintiff's father, from whom plaintiff received the land, fails to specifically delineate the extent of the right-of-way. The deed simply recited that excepted therefrom was, *inter alia,* a right-of-way "as the same is now used by Henry A. Weeks". Bernholz is the owner of a one-half interest in the adjacent property and is benefited by the easement over plaintiff's land, but his deed also does not describe the dimensions of the easement. The Hudson Valley Holding Company is the owner of the other one-half interest in the benefited property. There was no evidence presented of the extent of the use by Weeks or of any subsequent use of the road. Plaintiff, however, did show that the gravel road as it exists is 10 to 12 feet in width.

As to a showing of irreparable harm, plaintiff has proven that defendants have removed large trees from the land and their intention to remove more trees. If plaintiff prevails, the trees cannot be replaced and plaintiff would be irreparably harmed. As to the equities, were defendants allowed to continue removing trees plaintiff could not be made whole should he prevail. In contrast, defendants still have access to the land. The only evidence as to the extent of the right-of-way is the existent road, 10 to 12 feet in width, which is sufficient to allow defendants ingress and egress. Absent a specification of the extent of the easement, the dimensions are those which are reasonably necessary for the purpose for which it was created *(see, Van Laak v Malone,* 92 AD2d 964, 965). Plaintiff has thus established a likelihood of prevailing in the matter. We conclude that Supreme Court did not abuse its discretion in granting the preliminary injunction.

Finally, the failure of Supreme Court to require a posting of a bond by plaintiff as is required by statute *(see,* CPLR 6312 [b]) does not require vacating the preliminary injunction. Defendants may apply to Supreme Court to require that an undertaking be set or to vacate the injunction *(see, Gillman & Ciocia v Reid,* 153 AD2d 878, 879; *Wasus v Young Sun Oh,* 86 AD2d 753).

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.