■ MICHAEL SFORZA, Appellant, v NESCONSET FIRE DISTRICT et al., Respondents.—In an action pursuant to RPAPL article 15 for a determination of title to real property, the plaintiff appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered July 31, 1990, as denied his application for preliminary injunctive relief, and (2) from so much of an order of the same court, entered August 10, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered July 31, 1990, is dismissed, as that order was superseded by the order entered August 10, 1990, made upon reargument; and it is further,

Ordered that the order entered August 10, 1990, is reversed insofar as appealed from, as a matter of discretion, the order entered July 31, 1990, is vacated insofar as appealed from, and the motion for a preliminary injunction is granted upon condition that the plaintiff files in the Office of the Clerk of the Supreme Court, Suffolk County, an undertaking with a corporate surety pursuant to CPLR 6312 (b), and serves a copy of the undertaking upon the defendants, to the extent that, during the pendency of this action, (1) the plaintiff is permitted to park his commercial vehicles on the subject property, (2) the plaintiff is permitted to maintain and have access to the storage shed presently situated on the subject property, and (3) the defendants are enjoined, during the pendency of this action, from cutting down trees on the subject property and continuing the construction of a fence; and it is further,

Ordered that the matter is remitted to the Supreme Court,

Suffolk County, to set the amount of the undertaking and the time within which the plaintiffs shall be required to file the undertaking, and for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff sought to enjoin the defendants from constructing a fence or otherwise impeding his access to and use of the subject property during the pendency of this action to compel the determination of his claim to the subject property based upon his claim of adverse possession (see, RPAPL art 15). The plaintiff's motion, inter alia, to preliminarily enjoin the construction of the fence was denied. The defendants then commenced construction of the fence. The construction continued until this court stayed the construction pending the determination of the instant appeals.

The plaintiff contends he is entitled to a preliminary injunction in order to allow him to continue his use of the subject property. He further asserts that he is entitled to a mandatory injunction compelling the removal of the fence.

The plaintiff was entitled to a preliminary injunction. The plaintiff made a prima facie showing of the likelihood of his ultimate success on the merits in his action to establish that he acquired title to the subject property by adverse possession (see, McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 172-173). The threat of irreparable injury with respect to the possible cutting down of the plaintiff's hemlock trees was established (see, Burmax Co. v B & S Indus., 135 AD2d 599, 600-601; Poling Transp. Corp. v A & P Tanker Corp., 84 AD2d 796; see also, CPLR 6301), and the equities weigh in the plaintiff's favor (see, Burmax Co. v B & S Indus., supra, at 601; McLaughlin, Piven, Vogel v Nolan & Co., supra, at 174-175).

Moreover, the issuance of a preliminary injunction herein will have the beneficial effect of preserving the status quo until the action is concluded (see, Matter of Brenner v Hart Sys., 114 AD2d 363, 367).

We further note, however, that, since it has been alleged that the defendants' partial construction of the fence interferes with the plaintiff's use of the land, in order to permit the plaintiff to resume his use of the land, inter alia, for parking his trucks, removal of at least part of the then-newly constructed fence may be necessary. Such a determination cannot be made upon the record before us, and, thus, we remit the matter to the Supreme Court to make such a determination and to set the amount of the undertaking in conjunction with

the issuance of the instant preliminary injunction. Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.