■ BRAD GOODALE et al., Appellants, v PIONEER INSURANCE COMPANY, Respondent. [614 NYS2d 657] —Mikoll, J. Appeal from an order of the Supreme Court (Connor, J.), entered September 29, 1993 in Greene County, which granted defendant's motion for summary judgment dismissing the complaint.

On arriving at their home on February 6, 1991 from a visit to Massachusetts, plaintiffs found their residence engulfed in flames. The following day, they gave notice to defendant, their insurance carrier, of the fire. Defendant then initiated an investigation of the claim. On February 27, 1991, counsel for defendant sent plaintiffs a registered letter demanding that they furnish sworn proof of loss pursuant to the terms of their insurance policy on enclosed forms and that they attend an examination under oath on March 13, 1991. The examination under oath of plaintiffs began on March 22, 1991, but was terminated because the proof of loss had not been received. Following expiration of the 60-day period in which to comply with the demand for sworn proof of loss on May 4, 1991, counsel for defendant advised plaintiffs' counsel on May 8, 1991 that the time for submission of the proof of loss had expired and the claim was being rejected on that ground.

Plaintiff Colleen Goodale hand-delivered proofs of loss to defendant's attorneys on May 10, 1991. Defendant's counsel

returned the proofs of loss to plaintiffs' attorneys by letter dated May 14, 1991 with notice that the claim was rejected for failure to timely file the required sworn proof of loss.

On November 14, 1991, plaintiffs commenced this action to recover money damages due under their policy. Defendant set up an affirmative defense alleging that plaintiffs were barred from recovery for the failure to file proofs of loss with defendant within 60 days of formal written demand therefor. Defendant thereafter moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that the demanded proofs of loss were not timely filed and that plaintiffs failed to present proof in admissible form of a claimed open-ended extension of time to file the proof of loss. Plaintiffs appeal.

There should be an affirmance. Where, as here, "an insurer gives its insured written notice of its desire that proof of loss under a policy of fire insurance be furnished and provides a suitable form for such proof, failure of the insured to file proof of loss within 60 days after receipt of such notice, or within any longer period specified in the notice, is an absolute defense to an action on the policy, absent waiver of the requirement by the insurer or conduct on its part estopping its assertion of the defense" (*Igbara Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 63 NY2d 201, 209-210; *see, Marino Constr. Corp. v INA Underwriters Ins. Co.*, 69 NY2d 798, 800; *Pioneer Ins. Co. v Deleo*, 167 AD2d 795, 796-797). The record indicates that there are no factual questions to be tried. The policy required plaintiffs to submit proofs of loss. In accord with Insurance Law § 3407, defendant demanded that sworn proofs of loss be filed within 60 days in a letter which plaintiffs received. Plaintiffs' proofs of loss were not submitted until after the 60 days had expired (*see, Ball v Allstate Ins. Co.*, 81 NY2d 22, 25).

Plaintiffs' argument that their policy did not permit defendant to demand a sworn proof of loss but only a sworn statement of loss or an unsworn proof of loss was not raised on the motion before Supreme Court and thus has not been preserved for appellate review (*see, e.g., Rohdie v Michael Guidice, Inc.*, 132 AD2d 541, 542). However, assuming, arguendo, that the issue was properly before this Court, it lacks merit. We find that no ambiguity was created by the language used in the policy calling for a sworn statement of loss or a sworn proof of loss in view of language used in the demand letter, which adequately apprised plaintiffs that they were to furnish sworn proof of loss within 60 days.

Likewise, plaintiffs' contention that defendant's demand letter was ambiguous in failing to indicate to whom the proof of loss was to be sent is without merit. The demand letter adequately informed plaintiffs to whom the sworn proof of loss was to be sent. Thus, no question of fact has been raised requiring a trial.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.