■ GRAMERCY COMPANY et al., on Behalf of Themselves and Others Similarly Situated, Respondents, v SHAREN S. BENENSON, Individually and as Trustee of Gramercy Park Trust, Appellant. 60 GRAMERCY PARK NORTH RESIDENTIAL CORP. et al., on Behalf of Themselves and Others Similarly Situated, Respondents, v CONSTANCE GIBSON et al., Individually and as

Trustees of Gramercy Park Trust, Appellants. [637 NYS2d 383] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about March 27, 1995, which, upon consolidating the two actions, *inter alia*, granted plaintiffs' motions for preliminary injunctions to the limited extent of enjoining defendants from cutting down or pruning any trees in Gramercy Park without first obtaining a written recommendation from a certified arborist that the trees pose a significant danger, and denied defendants' cross-motions to dismiss the complaints, unanimously affirmed, without costs.

The IAS Court properly found that a question of fact exists as to whether defendant trustees of the Park exercised diligence and prudence in the care of the Park, the trust *res* (*see, Matter of Hahn,* 62 NY2d 821, 824), where the reports of their experts recommending that certain trees be removed were vague and conflicting. Although defendants assert that all the trees they cut down posed a hazardous condition to the Park's users, at least one expert report mentions that some trees are to be cut down to provide more light and air circulation in the garden area, and not for safety concerns. Another of the experts denies that he approved of any tree removals. In the present circumstances, an issue of fact also exists with respect to the good faith of the chairman of the board of trustees in cutting down trees.

Defendants claim that nothing prevents them from redesigning the Park into a style or image that they deem appropriate. Since this issue was not raised below, it is not properly presented for review by this Court (*Melahn v Hearn,* 60 NY2d 944, 945), particularly where the claim is inappropriately raised, for the first time, in defendants' reply brief.

In any event, on this record, plaintiffs sufficiently established a potential for irreparable harm, likelihood of success on the merits, and a balance of the equities in their favor, and thus, the limited preliminary injunction was properly granted (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862). Denial of injunctive relief would render the final judgment ineffectual, since the trees, once cut down, cannot be replaced, and therefore, "the degree of proof required to establish the element of likelihood of success on the merits should be accordingly reduced" (*Republic of Lebanon v Sotheby's,* 167 AD2d 142, 145). Plaintiffs have satisfied such burden. Finally, the balance of the equities tilts in favor of plaintiffs, who merely seek to maintain the status quo, and against the trustees, who may remove trees once they have obtained the written recommendation of a licensed arborist or horticulturalist that they pose a significant danger. Concur—Rosenberger, J. P., Wallach, Nardelli and Tom, JJ.