■ AMELIA WALSH, Respondent, v ST. MARY's CHURCH, Appellant. [670 NYS2d 220] —Carpinello, J. Appeal from an order of the Supreme Court (Keniry, J.), entered January 7, 1997 in Saratoga County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff owns real property in the Town of Waterford, Saratoga County, which borders a cemetery owned and maintained by defendant, a religious corporation. At issue in this RPAPL article 15 proceeding to quiet title is a 161-square foot parcel of property which plaintiff claims to have adversely possessed

from defendant. In response to plaintiff's motion for a preliminary injunction to prevent defendant from removing several trees, a fence and the remains of deceased family pets buried on the disputed parcel, defendant moved to dismiss the complaint pursuant to CPLR 3211 and 3212. Succinctly stated, defendant argued that its status as a religious corporation precluded the cemetery property from being alienated by adverse possession. Defendant appeals from Supreme Court's order granting plaintiff the preliminary injunction and denying defendant's motion to dismiss.

Precedent requires an affirmance. It is well settled that a religious corporation may be divested of its property by adverse possession (see, Reformed Church v Schoolcraft, 65 NY 134; Chavoustie v Stone St. Baptist Church, 171 AD2d 1055; see generally, Shandaken Ref. Church v Leone, 87 AD2d 950, lv denied 57 NY2d 602; Saint Nicholas Ruthenian Ukrainian Greek Catholic Church v Kapsho, 202 Misc 893). To the extent that defendant also argues that plaintiff's divestiture of the land through adverse possession represents a substantial burden on its free exercise of religion, we note that this particular argument was not advanced by defendant in support of its motion to dismiss and thus was never addressed by Supreme Court; accordingly, it is not preserved for appellate review (see, Goodale v Pioneer Ins. Co., 206 AD2d 725, 726, lv denied 84 NY2d 809). In any event, this contention is without merit as the statutory enactments permitting title to property by adverse possession (see, RPAPL 511, 521) in no way intentionally "regulate religious conduct or beliefs" (Matter of New York State Empl. Relations Bd. v Christ the King Regional High School, 90 NY2d 244, 248).

Nor do we find that Supreme Court abused its discretion in granting plaintiff a preliminary injunction (see, Doe v Axelrod, 73 NY2d 748, 750), which will have the effect of preserving the status quo during the pendency of the action (see, Sforza v Nesconset Fire Dist., 184 AD2d 631, 632). A preliminary injunction may be granted where a movant has established the likelihood of ultimate success on the merits, irreparable injury and a balancing of equities in his or her favor (see, Aetna Ins. Co. v Capasso, 75 NY2d 860, 862; Doe v Axelrod, supra). Our review of the record reveals that plaintiff demonstrated that she is likely to prove, by clear and convincing evidence, that she actually possessed the disputed parcel, which was protected by a fence since 1980, for a period of 10 years and that this possession was open and notorious, exclusive, continuous, hostile and under a claim of right (cf., East 13th St. Homesteaders' Coali-

*tion v Lower E. Side Coalition Hous. Dev.*, 230 AD2d 622). Moreover, the threat of removal of several large trees and the remains of family pets within the disputed property constitutes irreparable harm (*see, Sforza v Nesconset Fire Dist., supra; Wiederspiel v Bernholz*, 163 AD2d 774). We are also satisfied that a balance of the equities weighs in favor of plaintiff. If defendant is ultimately successful, it would lose nothing as a result of the preliminary injunction as there is no evidence that it has an immediate need for this relatively small portion of the cemetery for burial purposes.

Defendant's remaining contentions have been reviewed and rejected as unpersuasive.

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.