■ REDWOOD CONSTRUCTION CORP., Respondent, v WICKER DOORNBOSCH et al., Defendants, and WEST BRANCH CONSERVATION ASSOCIATION, INC., Appellant. [670 NYS2d 560] —In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to certain real property, the defendant West Branch Conservation Association, Inc., appeals from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated March 24, 1997, which, upon an order granting the plaintiff's motion for summary judgment, declared that its conservation easement did not bar the owners of the burdened estate from conveying an easement for ingress, egress, and utilities to the plaintiff.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Redwood Construction Corp. (hereinafter Redwood), purchased a large parcel of property in the Town of Clarkstown and subdivided it for housing. One of the lots

resulting from the subdivision, lot No. 8, had insufficient frontage on a public street. Accordingly, Redwood entered into a contract with the defendants Wicker and Jill Doornbosch, the owners of a private right of way (hereinafter the access way) adjacent to lot No. 8, to purchase an easement measuring 50 feet by 213.67 feet (hereinafter the Doornbosch easement) over the access way. The Doornbosch easement would provide lot No. 8 with access to a public road, and would permit the installation of a "T" connector to existing sewer lines. The access way was already being used by the Doornbosches and other property owners.

Prior to the transfer of the Doornbosch easement to the plaintiff, it was discovered that the Doornbosch property was burdened by a conservation easement which had been granted to the appellant West Branch Conservation Association (hereinafter West Branch) by the Doornbosches' predecessors in interest. The conservation easement prohibited any improvements or changes to the Doornbosch property that would affect its natural, open, and scenic nature, or would cause damage to an environmentally-sensitive flood plain. It further provided that changes in the use of the Doornbosch property could not be effected without the written consent of West Branch, which could not be reasonably withheld. The Doornbosches thereafter refused to convey the easement, and Redwood commenced this action seeking, *inter alia,* a declaration that West Branch's conservation easement did not bar the conveyance of the Doornbosch easement and that, in the alternative, if it did so bar the conveyance, then West Branch had unreasonably withheld its consent. The Supreme Court declared, *inter alia*, that the conveyance of the Doornbosch easement was not barred, and alternatively, that West Branch's consent was unreasonably withheld. We affirm.

Where, as here, a contract is unambiguous on its face, it may be interpreted by the court so as to give effect to the intent of the parties as expressed by the unequivocal language employed (*see, Kailasanathan v Mysorekar,* 234 AD2d 425; *Weiner v Anesthesia Assocs.,* 203 AD2d 455). Here, the restrictive covenants set forth in West Branch's conservation easement do not expressly address or prohibit the proposed use of the access way at issue. Rather, the conservation easement expressly reserved to the grantors the right to "sell, give away or otherwise convey the Protected Property or any portion or portions thereof, provided such conveyance is consistent with and subject to the terms of this Conservation Easement", and prohibited only those changes in use of the property as "would

be detrimental to any significant open space interest, significant natural habitat interest or other significant conservation interest sought to be protected by this Conservation Easement". West Branch agreed not to unreasonably withhold its consent to a proposed change in use. Here, Redwood presented an unrebutted prima facie case that its de minimis proposed use of the Doornbosch property would not be inconsistent with West Branch's conservation easement. In any event, even assuming that the consent of West Branch was required for the conveyance of the Doornbosch easement, in light of the de minimis use sought, the court did not err in declaring, *inter alia,* that such consent was unreasonably withheld. Therefore, Redwood was properly granted summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557). Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.