■ SURE-FIT PLASTICS, L. L. C., Respondent, v C & M PLASTICS, INC., et al., Appellants. [700 NYS2d 273] —Crew III, J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered November 17, 1998 in Chenango County, which, *inter alia*, granted plaintiff's motion to recover possession of certain property, and (2) from an order of said court (Dowd, J.), entered March 5, 1999 in Chenango County, which, *inter alia*, denied defendants' motion for reconsideration.

Plaintiff manufactures plastic products in the Town of Greene, Chenango County. On September 7, 1998, Terry Matthews, an employee of plaintiff, removed 10 tractor-trailer loads of equipment, supplies, furniture and files from plaintiff's plant, claiming that the property belonged to one of the two defendant companies of which Matthews is the principal owner. As a consequence, plaintiff commenced this action to recover possession of the property as well as money damages incurred as the result of the wrongful taking. Additionally, plaintiff moved by order to show cause for an order of seizure pursuant to CPLR article 71 and for a preliminary injunction enjoining defendants from transferring, encumbering or otherwise disposing of the property. Supreme Court (Ingraham, J.), expressing its disapproval of Matthews' use of self-help, ordered that the property be returned to plaintiff's plant exactly as it was and in the same situation it was in when removed. Supreme Court made no findings as to ownership, indicating that it would deal with that issue during the ensuing trial. Defendants appeal from that determination.

Thereafter, defendants moved for reargument or renewal contending that Supreme Court misapplied the law. Defendants further requested that Supreme Court designate a neutral party to take possession of the property pending the outcome

of this appeal (*see*, CPLR 5519 [a] [4]). Plaintiff cross-moved to hold defendants in contempt and for a reduction in the amount of the undertaking previously established. Supreme Court (Dowd, J.) denied defendants' motion and granted so much of plaintiff's cross motion as requested that the undertaking be reduced. Defendants appeal from this order as well.

Initially, defendants contend that Supreme Court (Ingraham, J.) erred in granting an order of seizure inasmuch as the order failed to comply with the due process protections embodied in CPLR article 71. We disagree. In our view, the order at issue is not a seizure order but, rather, a preliminary injunction directing defendants to return the property "back into the plant exactly where it was, in the same situation it was in" so as to preserve the status quo until the issue of ownership is tried and resolved (*see*, *Walsh v St. Mary's Church*, 248 AD2d 792, 793). Inasmuch as the right to afford such provisional relief is discretionary with Supreme Court and we perceive no abuse thereof, the order must be affirmed.

Defendants next contend that Supreme Court (Dowd, J.) erred in denying their application for reconsideration. Again, we disagree. The basis for the renewal motion was the fact that plaintiff's building was not damaged during the removal of the property at issue. Simply stated, such fact was not relevant to the issue of plaintiff's entitlement to a preliminary injunction and would not therefore constitute facts material to the initial motion (*see*, *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783-784). We have considered defendants' remaining contentions and find them to be equally without merit.

Cardona, P. J. and Mikoll, J., concur.

Mugglin, J. (concurring in part and dissenting in part). I concur in part and respectfully dissent in part. The affidavit submitted in support of the original order to show cause to obtain an order of seizure pursuant to CPLR 7102 contained a general prayer for relief. Accordingly, Supreme Court had some discretionary authority to award relief not specifically sought by the movant (*see*, *Eagle Contrs. of Utica v Black*, 7 AD2d 622, *affd* 8 NY2d 732). Since the relief granted is similar to the relief sought, and the factual recitations of the papers underlying the order to show cause adequately notified defendants of the potential for the issuance of a mandatory preliminary injunction, I concur in that portion of the majority opinion which views the order of Supreme Court (Ingraham, J.) as a mandatory preliminary injunction.

A preliminary injunction may be issued to preserve the

status quo during the pendency of the action, but the party seeking this relief must establish a likelihood of ultimate success on the merits, irreparable injury and a balancing of the equities in his or her favor (*see, Walsh v St. Mary's Church,* 248 AD2d 792, 793). Here, the papers establish a genuine dispute as to the ownership of the property in question. If the moving papers establish all of the elements required for the issuance of the preliminary injunction, the existence of an issue of fact is not itself grounds for denial of the motion, but in such circumstances the court, by hearing or otherwise, must make a determination (*see,* CPLR 6312 [c]; *Independent Health Assn. v Murray,* 233 AD2d 883, 884). In the instant case, Supreme Court made no determination concerning ultimate success on the merits, irreparable injury or balancing of the equities.

Moreover, in granting the mandatory preliminary injunction, Supreme Court erroneously failed to require that the undertaking be posted prior to the issuance thereof (*see,* CPLR 6312 [b]; *Sutton, DeLeeuw, Clark & Darcy v Beck,* 155 AD2d 962, 963; *Honeywell, Inc. v Technical Bldg. Servs.,* 103 AD2d 433, 434-435, n; *Dental Dev. & Mfg. Corp. v Antler,* 61 AD2d 975).

As a result, in my view Supreme Court abused its discretion in granting the mandatory preliminary injunction and the order should be reversed, rendering it unnecessary to consider defendants' remaining contentions.

Ordered that the orders are affirmed, with costs.