■ ROSE RANDISI, Appellant, v MIRA GARDENS, INC., et al., Respondents. [707 NYS2d 204] —In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated February 4, 1999, which, after a hearing, denied her motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs payable by the respondents Mira Gardens, Inc., and Southshore Manor, the plaintiff's motion for a preliminary injunction is granted, and the matter is remitted to the Supreme Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

To obtain preliminary relief under CPLR 6301, the plaintiff must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent the granting of a preliminary injunction, and (3) that the balancing of the equities favors the plaintiff's position (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Grant Co. v Srogi,* 52 NY2d 496, 517).

During the hearing on the plaintiff's motion for a preliminary injunction, the Supreme Court noted that the plaintiff had not established that her possession of the disputed parcel was under a claim of right. We disagree. Our review of the record indicates that the plaintiff demonstrated that she is likely to prove, by clear and convincing evidence, that she actually possessed the disputed parcel, and that the possession was open and notorious, exclusive, continuous, hostile, and under a claim of right (*see, Belotti v Bickhardt,* 228 NY 296). "[A]n adverse possessor's interest in property may be orally transferred before that interest has matured into title" (*Connell v Ellison,* 86 AD2d 943, 944, *affd* 58 NY2d 869; *see also, Oistacher v Rosenblatt,* 220 AD2d 493, 494). The possession can be hostile even though it occurred inadvertently or by mistake, as is the likely situation here, especially since the plaintiff's predecessor in interest indicated that the disputed area was part of the entire parcel (*see, Greenberg v Sutter,* 257 AD2d 646; *Sinicropi v Town of Indian Lake,* 148 AD2d 799; *Bradt v Giovannone,* 35 AD2d 322, 324). Further, the plaintiff has demonstrated that the property was cultivated or improved and substantially enclosed for the statutory period (*see,* RPAPL 522; *Birnbaum v Brody,* 156 AD2d 408, 409).

Moreover, the threat of the destruction of the plaintiff's property constitutes irreparable harm (*see, Walsh v St. Mary's Church,* 248 AD2d 792; *Wiederspiel v Bernholz,* 163 AD2d 774; *Burmax Co. v B & S Indus.,* 135 AD2d 599). We are also satisfied that a balance of the equities weighs in favor of the plaintiff (*see, Walsh v St. Mary's Church, supra*).

Contrary to the plaintiff's contention, the Supreme Court did not award ownership of the disputed parcel to the defendants. While the Supreme Court, in its order, indicated that the defendants are granted possession of the property, there was no final determination as to the ownership of the property. At the close of the hearing, the Supreme Court consented to an expedited discovery schedule and trial, clearly indicating that it did not make a final determination on the merits. Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.