PATRICIA TRIMBOLI, Appellant, v JILL IRWIN, Respondent. [796 NYS2d 659]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated September 27, 2004, which denied her motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

To be entitled to a preliminary injunction, a movant must establish (1) the likelihood of success on the merits, (2) irrepar-

able injury absent the granting of the preliminary injunction, and (3) a balancing of equities in the movant's favor (*see Aetna Ins. Co. v Capasso,* 75 NY2d 860 [1990]; *First Franklin Sq. Assoc. v Franklin Sq. Prop. Account,* 15 AD3d 529 [2005]; *South Amherst, Ltd. v H.B. Singer, LLC,* 13 AD3d 515 [2004]; *Ying Fung Moy v Hohi Umeki,* 10 AD3d 604 [2004]). The plaintiff demonstrated a likelihood of success on her adverse possession claim by making a prima facie showing that she actually possessed the disputed strip of property, and that her possession was open and notorious, exclusive, continuous, hostile, and under a claim of right for the statutory period (*see* RPAPL 522; *Brand v Prince,* 35 NY2d 634 [1974]; *Belotti v Bickhardt,* 228 NY 296 [1920]; *Ryan v Dowicz,* 306 AD2d 396 [2003]; *Randisi v Mira Gardens,* 272 AD2d 387, 388 [2000]). Moreover, "the threat of the destruction of the plaintiff's property constitutes irreparable harm" (*Randisi v Mira Gardens, supra* at 388; *see Walsh v St. Mary's Church,* 248 AD2d 792 [1998]; *Wiederspiel v Bernholz,* 163 AD2d 774 [1990]), and a balance of the equities weighs in favor of granting injunctive relief. Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.