■ DANIEL P. SOMERS et al., Respondents, v PHILLIP SHATZ et al., Appellants. [802 NYS2d 245]—

In an action, inter alia, for a judgment declaring that the defendants are enjoined from entering the subject property to remove trees or shrubbery located on easements, the defendants appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated October 28, 2004, as granted that branch of the plaintiffs' motion which was for summary judgment on their cause of action for the declaration and denied those branches of their cross motion which were for summary judgment dismissing that cause of action, and on their counterclaim for a judgment declaring that they are entitled to enter the property to remove the trees, and (2) a judgment of the same court, entered December 2, 2004, as, upon the order, declared that the defendants are prohibited from removing any mature trees or shrubbery from the subject easements.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs own certain properties which adjoin a golf course owned and operated by the defendant Beekman Country Club, LLC (hereinafter Beekman). Ownership of the properties is subject to easements granted in favor of Beekman to "operat[e]" the adjacent golf course. After Beekman sought to remove trees from the properties, the plaintiffs commenced this action, inter alia, to enjoin the defendants, Beekman and its president, Phillip Shatz, from taking such action.

An instrument creating an estate or interest in real property must be construed according to the intent of the parties, insofar as such intent can be determined from the entire instrument (*see* Real Property Law § 240 [3]; *Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150, 158 [1992]). The extent of an easement is limited by the language of the grant, and its terms are to be construed most strongly against the grantor in ascertaining the extent of the easement (*see Ledley v D.J. & N.A. Mgt.*, 228 AD2d 482 [1996]; *Mandia v King Lbr. & Plywood Co., supra* at 158).

Where, as here, an easement is granted in general terms, the

rule of construction is to construe the extent of its use as is "necessary and convenient for the purpose for which it [is] created" (*Mandia v King Lbr. & Plywood Co., supra* at 158 [internal quotation marks omitted]; *see Ledley v D.J. & N.A. Mgt., supra*), which includes "any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant" (*Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]). However, if the language of the easement is ambiguous, "it becomes a question to be ascertained by a court, and in order to arrive at the intent, the surrounding circumstances may be inquired into and taken into consideration" (*Sordi v Adenbaum*, 143 AD2d 898 [1988], quoting 49 NY Jur 2d, Easements § 40; *see Phillips v Jacobsen, supra* at 786).

Here, the plaintiffs established their prima facie entitlement to summary judgment on their cause of action for declaratory relief by demonstrating that the existing state of the easement has not substantially interfered with the defendants' ability to "operat[e]" a golf course, and that the defendants' proposed activity is not reasonably necessary for such purpose (*cf. Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651 [2000]). The defendants failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on their cause of action declaring that the defendants are enjoined from entering the property to remove trees located on the easements, and denied those branches of the defendants' cross motion which were for summary judgment dismissing that cause of action. Further, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment on their counterclaim for a judgment declaring that they are entitled to enter the property to remove trees located on the subject easements. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.