■ GREEN HARBOUR HOMEOWNERS' ASSOCIATION, INC., Respondent, v KENNETH ERMIGER, Appellant. (And a Third-Party Action.) [889 NYS2d 687]—

Kane, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered July 16, 2008 in Warren County, which, among other things, granted plaintiff's motion for a preliminary injunction.

Third-party defendants, the sponsors of the Green Harbour subdivision, conveyed certain lots in the subdivision to defendant. Plaintiff commenced this action seeking a declaration that it was the true owner of some of those lots and for damages due to defendant's trespass on those lots.*

As relevant to this appeal, defendant constructed townhouses on certain lots that he owned. After plaintiff rejected defendant's request to trim trees on plaintiff's property to improve the view from the newly-constructed townhouses, defendant's contractor cut 26 trees on plaintiff's property. Plaintiff moved for a preliminary injunction preventing defendant from entering plaintiff's property or cutting trees without permission, for leave to amend the complaint to include an additional claim for trespass arising from the tree removal, and for other relief. Supreme Court partially granted the motion, by granting leave to serve the

---

* The parties have previously been before this Court not only in this action (50 AD3d 1199 [2008]), but in many related matters (see Black v Green Harbour Homeowners' Assn., Inc., 37 AD3d 1013 [2007]; Black v Green Harbour Homeowners' Assn., Inc., 19 AD3d 962 [2005]; Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963 [2005]; Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd., 1 AD3d 744 [2003]; Green Harbour Homeowners' Assn. v G.H. Dev. & Constr., 307 AD2d 465 [2003], lv dismissed 100 NY2d 640 [2003]).

amended complaint and preliminarily enjoining defendant or his agents from cutting any trees, which do not lie within his property or a utility line easement, and denied the other relief sought. Defendant appeals.

Supreme Court did not abuse its discretion in granting a preliminary injunction. To obtain a preliminary injunction in its favor, plaintiff was required to "demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (*Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *see* CPLR 6301; *Cooperstown Capital, LLC v Patton*, 60 AD3d 1251, 1252 [2009]). As an owner of at least three lots not purchased for occupancy by himself or his family, defendant falls within the regulatory definition of a sponsor (*see* 13 NYCRR 22.1 [c] [1]). Defendant contends that language in the declaration of protective covenants, restrictions, easements, charges and liens (hereinafter the declaration) entitles him, as a sponsor of the subdivision, to cut the trees at issue. In section 4.07 (d) of the declaration, the sponsors reserved "an easement over, across, through, on and under [plaintiff's p]roperty, and the Lots for the purposes of completing construction of the Units . . . and doing all things necessary or desirable relating thereto." A factual question exists as to whether the cutting of trees not located on the townhouse lots to provide a lake view constitutes "completing construction" or an activity which is "necessary or desirable relating" to the completion of construction, so as to fall within the easement granted by the declaration (*see Alford v Niagara Mohawk Power Corp.*, 115 AD2d 924, 924 [1985], *lv denied* 67 NY2d 607 [1986]; *see also Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651, 651-652 [2000] [addressing standard for determining extent of easement]). Notwithstanding this question of fact, the court properly determined that plaintiff established a probability of success on the merits (*see Cooperstown Capital, LLC v Patton*, 60 AD3d at 1252-1253).

Further, plaintiff established the risk of irreparable harm as well as the balance of equities in its favor. The threatened removal of large trees constitutes irreparable harm (*see Gramercy Co. v Benenson*, 223 AD2d 497, 498 [1996]; *Sforza v Nesconset Fire Dist.*, 184 AD2d 631, 632 [1992]; *Wiederspiel v Bernholz*, 163 AD2d 774, 775 [1990]). While defendant contends that he is prejudiced because he will not be able to sell the townhouses without lake views, there is no record proof of that assertion. As there is no proof of prejudice and the injunction preserves the status quo, the equities balance in favor of plaintiff (*see*

*Gramercy Co. v Benenson*, 223 AD2d at 498; *see also Wiederspiel v Bernholz*, 163 AD2d at 775). Thus, Supreme Court did not abuse its discretion in preventing defendant from cutting trees on plaintiff's property during the pendency of this action (*see Karabatos v Hagopian*, 39 AD3d 930, 931-932 [2007]; *Walsh v St. Mary's Church*, 248 AD2d 792, 793-794 [1998]).

Supreme Court also did not abuse its discretion in granting plaintiff leave to amend the complaint. Plaintiff added a cause of action seeking treble damages for timber trespass (*see* RPAPL 861). This cause of action was consistent with the prior trespass claims and could not have been added earlier because the timber was not removed until after the original complaint was filed. Accepting as true the facts alleged and drawing all reasonable inferences in plaintiff's favor, plaintiff sets forth a cause of action that has merit (*see Shelton v New York State Liq. Auth.*, 61 AD3d 1145, 1149 [2009]). Because defendant has not demonstrated any prejudice, the court did not abuse its discretion in granting plaintiff leave to amend (*see id.* at 1149; *Leclaire v Fort Hudson Nursing Home, Inc.*, 52 AD3d 1101, 1102 [2008]).

Peters, J.P., Spain, Rose and Stein, JJ., concur. Ordered that the order is affirmed, with costs.