Order, Supreme Court, New York County (Paul Wooten, J), entered July 6, 2012, which, to the extent appealed from as limited by the briefs, granted defendant’s motion for summary judgment dismissing plaintiffs’ claim under Labor Law § 241 (6), unanimously affirmed, without costs.
Defendant established its entitlement to judgment as a matter of law in this action where plaintiff Jose Kruk was injured while using a power saw. While Industrial Code (12 NYCRR) § 23-1.12 (c) (1) is applicable because plaintiff was using a “power-driven saw” at the time of his accident, defendant *519 established that the saw was equipped with the necessary protective guards in compliance with the provision by submitting, among other things, the deposition testimony of Jose and his coworker and the affidavit of its expert.
Plaintiffs’ opposition failed to raise a triable issue of fact. Plaintiffs submitted the transcript of the injured plaintiff’s General Municipal Law § 50-h hearing testimony in which he testified that the subject saw had a bottom guard which covered the saw blade when it was “closed.” He further stated that the plywood he was cutting broke, pushing his left hand into the saw’s blade. Such evidence is insufficient to raise an issue of fact as to whether the saw had a defective or inadequate “movable self-adjusting guard below the base plate,” which failed to “completely cover the saw blade to the depth of the teeth when such saw blade [was] removed from the cut” (12 NYCRR 23-1.12 [c] [1]; cf. Keneally v 400 Fifth Realty LLC, 110 AD3d 624 [1st Dept 2013]).
Plaintiffs’ theory that the accident was caused by defendant’s failure to provide the injured plaintiff with a saw table does not support his claim under Labor Law § 241 (6) because 12 NYCRR 23-1.12 (c) (1) does not require that a saw table be provided to workers using a “power-driven saw.” Plaintiffs’ challenge to the probative value of defendant’s expert’s affidavit is improperly raised for the first time on appeal (see e.g. Gramercy Co. v Benenson, 223 AD2d 497, 498 [1st Dept 1996]). In any event, the challenge is without support, as there is no evidence suggesting that the subject saw was altered or modified during the 16 months between plaintiffs accident and the time of the examination of the saw by the expert. Moreover, the expert’s opinion was based, in part, on his review of certain photographs taken of the saw, which plaintiff testified were accurate depictions of the saw’s condition at the time of the accident.
We have considered plaintiffs’ remaining contentions and find them unavailing. Concur — Tom, J.P, Andrias, Saxe, DeGrasse and Richter, JJ.