ORANGE COUNTY LAND TRUST, INC., Appellant, v TAMIRA AMELIA FARM, LLC, et al., Respondents. [34 NYS3d 618]—

In an action, inter alia, for a judgment declaring that the defendants violated certain provisions of a conservation easement and injunctive relief, which was commenced by the filing

of, in effect, a complaint dated July 2, 2009, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Orange County (Bartlett, J.), dated September 10, 2014, as, upon a decision of the same court dated February 22, 2013, made after a nonjury trial, is in favor of the defendant Clemente Farm, LLC, formerly known as Clementina Farm, LLC, and against it dismissing the action insofar as asserted against that defendant and declaring that the defendant Clemente Farm, LLC, formerly known as Clementina Farm, LLC, is permitted to operate a farm on the subject property in its condition as of February 22, 2013.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A conservation easement with respect to certain property was entered into between the plaintiff, as grantee, and Tamira Amelia Farm, LLC, as grantor, on February 17, 2004. The stated purpose of the easement was "to conserve productive agricultural and forestry lands and natural resources associated with the Property for the benefit of the public and for future generations, and also to conserve the scenic character of the Property for the benefit of the public and for future generations." Thereafter, Clemente Farm, LLC, formerly known as Clementina Farm, LLC (hereinafter the Farm), purchased the property. The plaintiff commenced this action by the filing of a petition, which was treated as a complaint, against, among others, the Farm, seeking, inter alia, a judgment declaring that the Farm violated certain provisions of the conservation easement and directing the removal of a barn and an access road constructed on the property. Following a nonjury trial, the Supreme Court, inter alia, dismissed the action and declared that the Farm is permitted to operate a farm on the property in its condition as of February 22, 2013.

A conservation easement should be interpreted so as to give effect to the intent of the parties as expressed by the language employed (see Real Property Law § 240; Somers v Shatz, 22 AD3d 565, 566 [2005]; see also Redwood Constr. Corp. v Doornbosch, 248 AD2d 698, 699 [1998]). Here, contrary to the plaintiff's contention, the terms of the conservation easement as a whole established that the primary purpose of the easement, at least with respect to the farmstead complex and farm area of the property, was not merely to conserve the natural and scenic character of the property, but also to conserve and/or enhance its agricultural use.

Although the Farm violated the terms of the easement by failing to obtain the permission of the plaintiff prior to building

a barn in the farm area, thereafter, the plaintiff agreed to review a retroactive application for construction of the barn. Contrary to the plaintiff's contention, construction of the barn did not violate the easement, because such construction was consistent with the easement's agricultural purpose and its particular requirements. Further, under the terms of the easement and the circumstances, the plaintiff's permission was unreasonably withheld.

Moreover, the Farm's construction of the access road did not violate the purpose or terms of the easement. Under the terms of the easement, the Farm had the right to construct unpaved access roads for farming purposes in the farm area without the plaintiff's prior permission. In any event, even if the plaintiff's permission had been required, after agreeing to consider a retroactive application for construction of the access road, the plaintiff unreasonably withheld its permission under the terms of the easement and the circumstances.

The evidence submitted by the plaintiff at trial failed to establish that the Farm violated the easement by dumping construction debris on the property or by refusing the plaintiff access to the property for purposes of inspection.

The parties' remaining contentions are without merit. Balkin, J.P., Hall, Miller and LaSalle, JJ., concur.