Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc. (2021 NY Slip Op 05605)





Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc.


2021 NY Slip Op 05605


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-04750
 (Index No. 55679/16)

[*1]Village of Dobbs Ferry, respondent-appellant,
v
Landing on the Water at Dobbs Ferry Homeowners Association, Inc., appellant-respondent.


Braverman Greenspun, P.C., New York, NY (Jon Kolbrener of counsel), for appellant-respondent.
Harris Beach PLLC, White Plains, NY (Darius P. Chafizadeh, Michael V. Curti, and Doreen Klein of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 29, 2019. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint, on its counterclaims, and, in effect, declaring that the subject conservation easement does not exist, and granted those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action, dismissing the defendant's first counterclaim, and in effect, declaring that the subject conservation easement exists. The order, insofar as cross-appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the third cause of action and dismissing the defendant's second counterclaim.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the subject conservation easement exists.
The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief to enforce an amended conservation easement dated November 29, 2001, which gave the plaintiff's residents the right to walk upon the easement property. The plaintiff alleged that the defendant, the owner of the easement property, continuously attempted to restrict access to the easement property by placing a locked gate on a footbridge that provided access to a waterfront parcel that was part of the easement property.
"A conservation easement should be interpreted so as to give effect to the intent of the parties as expressed by the language employed" (Orange County Land Trust, Inc. v Tamira Amelia Farm, LLC, 141 AD3d 632, 633; see Real Property Law § 240[3]). "The extent of an easement is limited by the language of the grant, and its terms are to be construed most strongly against the grantor in ascertaining the extent of the easement" (Somers v Shatz, 22 AD3d 565, 566; [*2]see O'Malley v Hill & Dale Prop. Owners, 299 AD2d 400, 402). Here, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the complaint, on its first counterclaim, and, in effect, declaring that the conservation easement does not exist, and properly granted those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action, which sought a judgment declaring that the conservation easement exists and injunctive relief granting the plaintiff and its residents access to the easement property pursuant to the amended easement, dismissing the defendant's first counterclaim, and, in effect, declaring that the conservation easement exists. The amended easement states that it is for the benefit of the plaintiff's residents and specifically included the right to walk upon the easement property.
However, the Supreme Court improperly denied that branch of the plaintiff's motion which was for summary judgment on the third cause of action, which sought an award of attorneys' fees and costs. Pursuant to section 4.1 of the original conservation easement, the defendant is required to reimburse the plaintiff for all expenses reasonably incurred to enforce the conservation easement and to cure a violation. The plaintiff is entitled to an award of attorneys' fees and costs incurred in enforcing the easement and curing the violation, both in Supreme Court and in Village Justice Court.
The parties' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the conservation easement exists (see Lanza v Wagner, 11 NY3d 317, 334).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court