Peconic Land Trust, Inc. v Salvatore (2025 NY Slip Op 03201)

Peconic Land Trust, Inc. v Salvatore

2025 NY Slip Op 03201

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-09745
 (Index No. 612373/16)

[*1]Peconic Land Trust, Incorporated, respondent,
v
Max Salvatore, etc., et al., appellants.

Altman & Company, P.C., Southhampton, NY (Steven Altman of counsel), for appellants.
Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants violated certain provisions of a conservation easement and for injunctive relief, the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated October 19, 2022. The order granted the plaintiff's motion for summary judgment declaring that the defendants violated certain provisions of the conservation easement and enforcing the conservation easement by compelling the restoration of the property to the condition that existed prior to such violations.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making an appropriate declaration in favor of the plaintiff in accordance herewith.
In 2002, a conservation easement with respect to certain property was entered into between the plaintiff, as grantee, and the defendant Max Salvatore and nonparty Diane Salvatore, as grantors. Among other things, the conservation easement required the grantors to provide the plaintiff with written notice before taking any action that could adversely impact the environmental, scenic, open-space, and agricultural values that were the subject of the conservation easement. In 2015, the defendant Thomas Salvatore allegedly cut down hundreds of trees on the property protected by the conservation easement without prior notice to the plaintiff.
Thereafter, the plaintiff commenced this action, inter alia, for a judgment declaring that the defendants violated certain provisions of the conservation easement and for injunctive relief. The plaintiff subsequently moved for summary judgment declaring that the defendants violated certain provisions of the conservation easement and enforcing the conservation easement by compelling the restoration of the property to the condition that existed prior to such violations. In an order dated October 19, 2022, the Supreme Court granted the plaintiff's motion. The defendants appeal.
"A conservation easement should be interpreted so as to give effect to the intent of the parties as expressed by the language employed" (Orange County Land Trust, Inc. v Tamira Amelia Farm, LLC, 141 AD3d 632, 633; see Village of Dobbs Ferry v Landing on the Water at [*2]Dobbs Ferry Homeowners Assn., Inc., 198 AD3d 840, 841). "The extent of an easement is limited by the language of the grant, and its terms are to be construed most strongly against the grantor in ascertaining the extent of the easement" (Village of Dobbs Ferry v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc., 198 AD3d at 841 [internal quotation marks omitted]). Here, contrary to the defendants' contention, the plaintiff established, prima facie, that the defendants violated the conservation easement by failing to provide the plaintiff with written notice before cutting down hundreds of trees on the property protected by the conservation easement. In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that the defendants violated certain provisions of the conservation easement and enforcing the conservation easement by compelling the restoration of the property to the condition that existed prior to such violations.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendants violated certain provisions of the conservation easement (see Lanza v Wagner, 11 NY2d 317, 334).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court