Peconic Land Trust, Inc. v 341 Town Lane, LLC
2026 NY Slip Op 03316
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Peconic Land Trust, Inc., respondent,
v
341 Town Lane, LLC, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2020-08755, (Index No. 615311/19)
Lara J. Genovesi, J.P.
Lillian Wan
Janice A. Taylor
Donna-Marie E. Golia, JJ.

Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca, Amanda Star Frazer, and Kimberly Oringer of counsel), for appellants.
Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendants appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated October 22, 2020. The order granted the plaintiff's motion for a preliminary injunction and enjoined the defendants, among others, from cutting, removing, relocating, mowing, or doing any maintenance on any trees, bushes, shrubs, grasses, or other fauna or vegetation of any kind or nature on the subject property.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof enjoining the defendants, among others, from cutting, removing, relocating, mowing, or doing any maintenance on any trees, bushes, shrubs, grasses, or other fauna or vegetation of any kind or nature on the subject property, and substituting therefor a provision granting a preliminary injunction enjoining the defendants, their agents, servants, representatives, employees, affiliates, and all persons acting in concert with them (or either of them) or having knowledge of the order from removing and/or relocating trees, shrubs, or other vegetation on the subject property which would be in violation of a certain conservation easement; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to enforce a conservation easement on approximately 5.9 acres of land, classified as "agricultural reserved area" in Amagansett, alleging, inter alia, that the defendants, without notice to the plaintiff, cut and were attempting to remove scores of mature trees from the subject property in violation of a conservation easement that had burdened the land since 1995. The plaintiff sought, among other things, a temporary, preliminary and permanent injunction restraining the defendants from violating the conservation easement and from removing any vegetation from the property and an order and judgment directing, inter alia, that the defendants restore the property in accordance with the conservation easement. The Supreme Court issued a temporary restraining order temporarily restraining, among others, the defendants from "cutting, removing, relocating, mowing, or doing any maintenance on any trees, bushes, shrubs, grasses or other fauna or vegetation of any kind or nature on the Easement Property." In an order dated October 22, 2020, the court granted the plaintiff's motion for a preliminary injunction and converted the temporary restraining order into a preliminary injunction. The defendants appeal.
"The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301; Tantillo v Cutrone, 238 AD3d 1090, 1091). "'The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court'" (Tantillo v Cutrone, 238 AD3d at 1091, quoting Matter of Armanida Realty Corp. v Town of Oyster Bay, 126 AD3d 894, 894-895).
"A conservation easement should be interpreted so as to give effect to the intent of the parties as expressed by the language employed" (Orange County Land Trust, Inc. v Tamira Amelia Farm, LLC, 141 AD3d 632, 633; see Peconic Land Trust, Inc. v Salvatore, 238 AD3d 1168, 1169). "[A] party seeking to enforce a restriction on land use must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (Greek Peak, Inc. v Grodner, 75 NY2d 981, 982; see Krupp v Martin-Neyrey, 227 AD3d 880, 881).
Here, the plaintiff demonstrated a probability of success on the merits as the parties' submissions indicated that the property was conveyed to the defendants subject to an easement benefitting the plaintiff and that the defendants violated the clear, unambiguous and enforceable terms of the easement by removing trees, shrubs, and other vegetation on the property and further did so without notice to the plaintiff (see Peconic Land Trust, Inc. v Salvatore, 238 AD3d at 1169). Moreover, the plaintiff demonstrated both that it would be irreparably injured if the preliminary injunction was withheld and that the balance of the equities favored injunctive relief (see Tantillo v Cutrone, 238 AD3d at 1091; Green Harbour Homeowners' Assn., Inc. v Ermiger, 67 AD3d 1116, 1117).
Thus, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction. However, the preliminary injunction itself is overly broad, as it precludes the defendants from conducting agricultural and/or other activities which are not necessarily in violation of the terms of the easement and/or necessary to maintain the status quo (see Ferdinand v Salino, 170 AD3d 670, 672). Accordingly, we modify the order so as to enjoin the defendants, their agents, servants, representatives, employees, affiliates, and all persons acting in concert with them (or either of them) or having knowledge of the order from removing and/or relocating trees, shrubs, or other vegetation on the property which would be in violation of the conservation easement.
GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court